UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEBORAH J. LIVINGSTON and DENA SCROGGINS
Individually and on behalf of others similarly situated,

         **ANSWER TO**
         **AMENDED COMPLAINT**
      Plaintiffs,    **WITH JURY TRIAL**
         **DEMAND**
         Civil Case No.: 1:20-cv-1030
 -against-       (GTS/DJS)

TRUSTCO BANK, A FEDERAL SAVINGS BANK,
and DOES 1 through 100,

        Defendants.
_____

   Defendant, Trustco Bank, by and through its attorneys, Bailey, Johnson & Peck, P.C., as

and for an Amended Answer to Plaintiffs' Amended Complaint, sets forth and alleges as follows:

## NATURE OF ACTION

   1.  Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraphs numbered "1".

   2.  Denies the truth of the allegations contained in paragraphs numbered "2" insofar

as it contains factual allegations and defer all other allegations in that paragraph to the Court,

insofar as it calls for a legal conclusion for which no response is required.

   3.  Denies the truth of the allegations contained in paragraphs numbered "3" and "4".

## PARTIES

   4.  Admits the allegations in paragraph numbered "5" insofar as Defendant is and has

been a federal saving bank with headquarters in Glenville, New York, and has assets of more

than $5.2 billion, and 148 branch locations in five states.  The remainder of paragraph numbered

"5" calls for a legal conclusion to which no response is required, but if a response is required,

Defendant denies the remainder of the allegations contained paragraph numbered "5".

5.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "6" and "7".

## VENUE AND JURISDICTION

6.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "8" and "9" insofar as they contain factual allegations and defer all other allegations in those paragraphs to the Court, insofar as they call for a legal conclusion for which no response is required.

## FACTUAL ALLEGATIONS

7.      Admits the allegations contained in paragraphs numbered "10".

8.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "11" and "12".

9.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "13" and "14" insofar as they contain factual allegations and defer all other allegations in those paragraphs to the Court, insofar as they call for a legal conclusion for which no response is required.

10.      Denies the truth of the allegations contained in paragraphs numbered "15".

## I.      TRUSTCO ASSESSES OD FEES ON TRANSACTIONS THAT DO NOT OVERDRAW AN ACCOUNT

### A.  Overview of Claim

11.      Denies the truth of the allegations contained in paragraphs numbered "16", "17", "18", "19", "20", "21", "24", "25", "26" and "27".

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "22" and "23".

**B.  Mechanics of a Debit Card Transaction**

13.     Denies the truth of the allegations contained in paragraphs numbered "28", "29" and "31".

14.     Denies the allegations contained in paragraphs numbered "30" and "32" insofar as they contain factual allegations and defer all other allegations in those paragraphs to the Court, insofar as they call for a legal conclusion for which no response is required.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "33".

**C.  Trustco's Account Contract**

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "34" and further state that the referenced exhibits have not been filed with Plaintiff's Amended Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "35" insofar as they contain factual allegations and defer all other allegations in those paragraphs to the Court, insofar as it call for a legal conclusion for which no response is required.

18.     Admits the allegations in paragraph numbered "36" and "37" insofar as the quoted language is included in Defendant's account Agreement and defer all other allegations in those paragraphs to the Court, insofar as they call for a legal conclusion for which no response is required.

19.     Denies the allegations contained in paragraphs numbered "38", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49", "50" and "51".

20.     Denies the truth of the allegations contained in paragraphs numbered "52" insofar as it contains factual allegations and defer all other allegations in that paragraph to the Court, insofar as it calls for a legal conclusion for which no response is required.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "53", "54", and "55".

### D.  Plaintiffs' Debit Card Transaction

22.     Denies the truth of the allegations contained in paragraphs numbered "56", "57", and "58".

## II.     TRUSTCO ASSESSES MORE THAN ONE NSF FEE ON THE SAME ITEM

23.     Denies the truth of the allegations contained in paragraphs numbered "59", "60" and "61".

### A.  Plaintiff Scroggins' Experience

24.     Denies the truth of the allegations contained in paragraphs numbered "62", "66", "67", "69", "70", "71", "74" "75", "76", "91", "92", "93", "98", and "99".

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "63", "64", "65", "77", "78", "79", "80", "81", "83", "84", "85", "86", "87", "88", "89", "90", and "95".

26.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "68", "72", "73", "82", "94", "96", "97", "100", "101", "102", "103", and "104" insofar as they contain factual allegations and defer all other allegations in those paragraphs to the Court, insofar as they call for a legal conclusion for which no response is required.

**AS AND FOR A RESPONSE TO PLAINTIFFS' FIRST CAUSE OF ACTION**
**(Breach of Contract)**

27.     Defendant repeats and realleges its responses to the allegations contained in paragraphs numbered "1" though "104" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph numbered "105" of the Complaint.

28.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "106" insofar as they contain factual allegations and defer all other allegations in those paragraphs to the Court, insofar as it calls for a legal conclusion for which no response is required.

29.     Denies the truth of the allegations contained in paragraphs numbered "107", 108", and "109".

**AS AND FOR A RESPONSE TO PLAINTIFFS' SECOND CAUSE OF ACTION**
**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

30.     Defendant repeats and realleges its responses to the allegations contained in paragraphs numbered "1" though "109" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph numbered "110" of the Complaint.

31.     Denies the truth of the allegations contained in paragraphs numbered "111", "114", "115" and "116".

32.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "112" and "113" insofar as they contain factual allegations and defer all other allegations in those paragraphs to the Court, insofar as it calls for a legal conclusion for which no response is required.

**AS AND FOR A RESPONSE TO PLAINTIFFS' THIRD CAUSE OF ACTION**
**(Unjust Enrichment/Restitution)**

33.     Defendant repeats and realleges its responses to the allegations contained in paragraphs numbered "1" though "116" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph numbered "117" of the Complaint.

34.     Denies the truth of the allegations contained in paragraphs numbered "118" and "119".

**AS AND FOR A RESPONSE TO PLAINTIFFS' FOURTH CAUSE OF ACTION**
**(Money Had and Received)**

35.     Defendant repeats and realleges its responses to the allegations contained in paragraphs numbered "1" though "119" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph numbered "120" of the Complaint.

36.     Denies the truth of the allegations contained in paragraphs numbered "121" and "122".

**AS AND FOR A RESPONSE TO PLAINTIFFS' FIFTH CAUSE OF ACTION**
**(Violation of Electronic Fund Transfers Act (Regulation E)**
**C.F.R. § 1005 et seq.  (authority derived from 15 U.S.C. § 1693 et seq.)**

37.     Defendant repeats and realleges its responses to the allegations contained in paragraphs numbered "1" though "122" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph numbered "123" of the Complaint.

38.     Denies the truth of the allegations contained in paragraphs numbered "124", "127", "128", and "129".

39.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "125" and "126" insofar as they contain factual allegations and defer all other allegations in those paragraphs to the Court, insofar as it calls for a legal conclusion for which no response is required.

### AS AND FOR A RESPONSE TO PLAINTIFFS' SIXTH CAUSE OF ACTION
#### (For Violation of New York General Business Law § 349)

40.     Defendant repeats and realleges its responses to the allegations contained in paragraphs numbered "1" though "129" of the Complaint with the same force and effect as if herein set forth at length in answer to the allegations set forth in paragraph numbered "130" of the Complaint.

41.     Denies the truth of the allegations contained in paragraphs numbered "131", "132", "133", "135", "136", and "137".

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs numbered "134" insofar as they contain factual allegations and defer all other allegations in those paragraphs to the Court, insofar as it calls for a legal conclusion for which no response is required.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

43.     Plaintiff and the putative class members' claims are barred, in whole or part, because Plaintiff lacks standing to assert claims in her own behalf or on behalf of the putative class members.

44.     Plaintiff does not have standing to assert claims on behalf of the putative class members as Plaintiff's interest are separate and apart from the putative class.  The facts asserted by Plaintiff relative to her accounts with Defendant are not typical of or common to the alleged putative class insofar as Plaintiff did not "opt-in" to Regulation E and that overdraft fees for debit card and ATM transactions were not charged against Plaintiff's accounts.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45.     Plaintiff and the putative class members' recovery is limited or barred due to their failure to mitigate their damages.

46.     Plaintiff was provided monthly account statements itemizing any and all insufficient fund fees and/or overdraft fees assessed against her account.  Despite, receiving said notice, Plaintiff failed to inquire as to the basis of fees incurred or to take any steps to prevent or mitigate the fees assessed against her account.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE
### (Safe Harbor)

47.     Plaintiff and the putative class members' claims are barred, in whole or part, because Defendant complied with all applicable laws and regulations and/or their actions were conducted in good faith in conformity with rules, regulations, or interpretations by the Consumer Financial Protection Bureau, Board, or Federal Reserve System authorized to issue such interpretations or approvals.

48.     Specifically, Defendant complied with all Regulation E requirements and provided requisite notices to its customers of its overdraft policy.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

49.     Plaintiff and the putative class members' claims may be barred, in whole or in part, because they have been unjustly enriched.

50.     Defendant asserts that Plaintiff was not charged fees when she attempted to execute a debit card transaction that would cause her account to be overdrawn.  In the event that such a transaction was authorized by Defendant's system, the transactions were permitted even if there were not sufficient funds to cover the transaction without an assessment of fees.

51.     Plaintiff was permitted to use her debit card by Defendant for such transactions at Defendant's expense despite the fact that she did not have funds to cover the transaction.

## AS AND FOR AN FIFTH AFFIRMATIVE DEFENSE

52.     Defendant's overdraft policies were clear, unambiguous, and provided to Plaintiff and its customers in advance of any fees assessed against her account.  Defendant further provided all legally required notices to Plaintiff and its customers in the instance any fees were charged against Plaintiff or a customer's account.

53.     As such, Plaintiff and the putative class members' claims are barred, in whole or in part, because Defendant acted in accordance with reasonable commercial standards.

## AS AND FOR A FIRST COUNTERCLAIM
## AGAINST PLAINTIFFS
### (Defamation per se)

54.     Plaintiff Deborah Livingston maintained a checking account with Defendant Trustco Bank ("Trustco") between 2006 and September 2020.

55.     During the time Plaintiff maintained a checking account with Trustco, Plaintiff utilized a debit card as well as Trustco's other services such as automatic bill payments.

56.     In connection with Plaintiff's account, Plaintiff would receive a monthly itemized Account Statement from Trustco.  Plaintiff's monthly statement set forth her opening balance for the month and itemized all withdrawals including those made by way of check, debit card, online

bill pay, electronic transfer, and cash withdrawal.  The account statement would also itemize all fees charged by Trustco against Plaintiff's account.

57.     Trustco also issued to Plaintiff an "Account Disclosure" which included disclosure of Trustco's overdraft policy.  The Account Disclosure states that Trustco:

> "will consider checks, other transactions made using your checking account number, or automatic bill payments, to be insufficient fund items if the available funds are not sufficient to cover the amount of the transaction.  Insufficient funds items include all orders and instructions for the payment, transfer, or withdrawal of funds from your account.  We may, without notice to you and in our sole discretion, either pay or permit the insufficient funds items and overdraw your account or we may return, decline or reject the insufficient funds item without payment.  In any case, we will charge you a fee for each insufficient funds item whether we pay, permit, return, decline, or reject the item.  ATM transactions and everyday debit card transactions will be declined and will not be considered insufficient funds items unless you ask us to authorize and pay these types of overdrafts."

58.     Plaintiff did not opt-in or otherwise authorize overdrafts for ATM transactions and everyday debit card transactions.

59.     Plaintiff was not assessed overdraft fees for ATM transactions and everyday debit card transactions.

60.     Plaintiff, in addition to using a debit card for her account, set up and authorized a number of automatic payments using Trustco's online bill payment service.

61.     Account Statements and Notices of Insufficient Funds sent to Plaintiff clearly show that Plaintiff did not receive overdraft charges for ATM transactions and everyday debit card transactions.

62.     Paragraphs "51" through "52" of Plaintiff's Amended Complaint intentionally misidentifies the source of overdraft fees charged to Plaintiff Livingston's account in October 2018, January 2019, March 2019, and September 2018.

63.     Paragraph "53" of Plaintiff's Amended Complaint intentionally misidentifies the source of overdraft fees charged to Plaintiff Scroggins' account in October 2019, January 2020, and November 2020.

64.     Notices of Insufficient Funds were sent to, and, upon information and belief, received by Plaintiffs relative to each overdraft fee alleged in Plaintiff's Amended Complaint. These Notices were sent prior to Plaintiff's filing of the instant Complaint and explained that the overdraft fees complained of in paragraph numbered "51" through "53" of Plaintiffs' Amended Complaint were incurred due to payments authorized by Plaintiffs through Plaintiffs use of other services such as automatic bill pay – not due to Plaintiffs' debit card transactions.

65.     Plaintiffs' statements that Trustco charged overdraft fees for debit card transactions is false and/or was made with reckless disregard for the truth.

66.     Plaintiffs' statement that Trustco has a policy in place of improperly and punitively assessing overdraft fees against its customers is false.

67.     At the time of filing the instant action and at all times thereafter, Plaintiffs were aware that the overdraft charges of which she complains were not associated with her debit card transactions.

68.     Plaintiffs filed the instant lawsuit with knowledge that the statements contained therein against Trustco were false and misleading.

69.     Plaintiffs' false statements were republished on or about September 9, 2020 in an article issued by the Times Union.

70.     Plaintiffs' statements were made in bad faith, with malice and/or reckless disregard for the truth for the sole purpose to damage Trustco's goodwill and reputation and thereby pressure Trustco to quickly settle a frivolous and/or "sham" lawsuit.

71.     Plaintiffs intentionally false and misleading statements contained in the Amended Complaint qualify as "sham" filings and, as such, are not otherwise privileged.

72.     As a proximate result of Plaintiffs intentionally false and misleading statements, Trustco's reputation, goodwill, and community and/or financial status has been damaged and seeks relief as set forth below.

**AS AND FOR A SECOND COUNTERCLAIM**
**AGAINST PLAINTIFFS**
**(NYS Civil Rights Law §§ 70, 71)**

73.     Plaintiffs filed the instant action on behalf of herself and a class of individuals similarly situated but otherwise unknown persons.

74.     In bringing the instant action, Plaintiffs were aware that the factual allegations upon which the instant action has been brought on behalf unknown persons were false and/or made with reckless disregard for the truth.

75.     In doing so, Plaintiffs commenced a lawsuit on behalf of unknown persons knowing that it lacked a factual basis.

76.     In particular, prior to instituting the lawsuit, Plaintiffs were aware and/or did receive documentation evidencing that (1) she did not execute an "opt-in" consent for overdraft fees to be charged on ATM and one-time debit card transactions, and (2) that no overdraft fees were assessed on APPSN or Debit Transactions.

77.     Plaintiffs commenced the instant action on behalf of unknown persons in bad faith, with malice and/or reckless disregard for the truth for the sole purpose to damage Trustco's goodwill and reputation and thereby pressure Trustco to quickly settle a frivolous lawsuit.

78.     Plaintiffs conduct in intentionally commencing the instant lawsuit with no basis in fact on behalf of unknown members of a putative class qualifies as vexatious litigation and violates New York State Civil Rights Law § 70.

79.     Trustco has been injured as a result of Plaintiffs commencing and continuing said vexatious litigation and is entitled to damages under Civil Rights Law §§ 70 and 71.

**WHEREFORE,** Defendant Trustco Bank respectfully requests that:

1.     Plaintiff have and recover nothing;

2.     Plaintiff's request for class certification be denied;

3.     Treble damages be awarded to Defendant;

4.     Compensatory damages be awarded to Defendant;

4.     Attorneys fees and costs be awarded to Defendant; and

5.     Such other and further relief the Court deems just and proper.


Dated:  May 5, 2022                    Bailey, Johnson & Peck. P.C.


                                       By: *Crystal R. Peck*
                                            Crystal R. Peck
                                       *Attorneys for Defendant, Trustco Bank*
                                       5 Pine West Plaza, Suite 507
                                       Washington Avenue Extension
                                       Albany, NY 12205
                                       (518) 456-0082
                                       CRPECK@baileyjohnson.com

TO:     John Cherundolo, Esq.
        J. Patrick Lannon, Esq.
        CHERUNDOLO LAW FIRM, PLLC
        AXA Tower I, 17th Floor
        100 Madison Street
        Syracuse, New York 13202

Taras Kick, Esq.
Jeffrey C. Bils, Esq.
THE KICK LAW FIRM, APC
815 Moraga Drive
Los Angeles, California 90049

Kevin P. Roddy, Esq.
WILENTZ, GOLDMAN & SPITZER, P.A.
90 Woodbridge Center Drive, Suite 900
Woodbridge, NJ  07095