UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DEBORAH J. LIVINGSTON, individually, and on
behalf of others similarly situated; and
DENA SCROGGINS, individually, and on
behalf of others similarly situated;

                Plaintiffs,

v.

TRUSTCO BANK; and DOES 1 THROUGH 100,

                Defendants.

1:20-CV-1030
(GTS/CFH)

_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| CHERUNDOLO LAW FIRM, PLLC<br>  Counsel for Plaintiffs<br>AXA Tower II, Suite 1600<br>100 Madison Street<br>Syracuse, NY 13202 | J. PATRICK LANNON, ESQ.,<br>JOHN C. CHERUNDOLO, ESQ. |
| KALIEL GOLD, PLLC<br>  Co-Counsel for Plaintiffs<br>1100 15th Street NW, 4th Floor<br>Washington, DC 20005 | JEFFREY D. KALIEL, ESQ.,<br>SOPHIA GOREN GOLD, ESQ. |
| WILENTZ GOLDMAN & SPITZER PA<br>  Co-Counsel for Plaintiff Livingston<br>90 Woodbridge Center Drive, Suite 900<br>Woodbridge, NJ 07095 | KEVIN P. RODDY, ESQ., |
| THE KICK LAW FIRM<br>  Counsel for Plaintiff Livingston<br>815 Moraga Drive<br>Los Angeles, CA 90049 | JEFFREY BILS, ESQ.,<br>TARAS KICK, ESQ.<br>TIMOTHY BURKE, ESQ.<br>TYLER DOSAJ, ESQ. |
| BAILEY, JOHNSON & PECK, P.C.<br>  Counsel for Defendant Trustco Bank<br>5 Pine West Plaza, Suite 507<br>Albany, NY 12205 | CRYSTAL R. PECK, ESQ.,<br>JOHN W. BAILEY, ESQ. |

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently before the Court, in this putative class-action lawsuit by Deborah J. Livingston and Dena Scroggins ("Plaintiffs") against Trustco Bank and Does 1 through 100 ("Defendants") under the Electronic Fund Transfers Act, is Plaintiffs' motion to dismiss Defendant Trustco's two counterclaims for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 70.) For the reasons set forth below, Plaintiffs' motion is denied, but Defendant Trustco's voluntary dismissal of its counterclaim for defamation *per se* is with prejudice.

I.  RELEVANT BACKGROUND

   A.  Summary of Amended Complaint and Answer

Generally, in their Amended Complaint, Plaintiffs allege that Defendants improperly assessed them overdraft fees on bank transactions. (Dkt. No. 42.) Based on these factual allegations, the Amended Complaint assert six claims: (1) a claim of breach of contract, (2) a claim of breach of the implied covenant of good faith and fair dealing, (3) a claim of unjust enrichment / restitution, (4) a claim of money had and received, (5) a claim of violation of the Regulation E (12 C.F.R. §§ 1005.17 *et seq.*) of the Electronic Fund Transfers Act (15 U.S.C.A. §§ 1693 *et seq.*), and (6) a claim of violation of N.Y. General Business Law § 349. (*Id.*)

Generally, in its Answer, Defendant Trustco asserts two counterclaims: (1) a counterclaim of defamation *per se* and (2) a counterclaim of violation of N.Y. Civil Rights Law §§ 70-71 (prohibiting vexatious lawsuits). (Dkt. No. 67.)

   B.  Summary of Parties' Arguments on Plaintiffs' Motion to Dismiss

In their motion to dismiss, Plaintiffs assert three arguments. (Dkt. No. 70.) First, Plaintiffs argue, Defendant Trustco's counterclaim for defamation *per se* must be dismissed, because it is barred by the litigation privilege under New York law. (*Id*.) Second, Plaintiffs argue, Defendant Trustco's counterclaim for violation of N.Y. Civil Rights Law §§ 70-71 must be dismissed, because (a) "nothing in the record indicates" that Plaintiffs commenced or continued this proposed class action without the consent of the named Plaintiffs, (b) indeed, to the contrary, Paragraph 2 of Plaintiffs' Amended Complaint sufficiently alleges that Plaintiffs have sued Defendant Trustco in their own names and with their own consent (by alleging that they have sued Trustco "individually, and on behalf of all others similarly situated"), and (c) Plaintiffs are unaware of any New York law applying N.Y. Civil Rights Law § 70 as a bar against the filing of a consumer class action. (*Id*.) Third, Plaintiffs argue, in the alternative, Defendant Trustco's counterclaims must be dismissed, because they are "a blatant attempt to silence Plaintiffs . . . and to intimidate customers of financial institutions who may wish to bring a similar consumer protection class action," in violation of New York's new anti-SLAPP law, N.Y. Civil Rights Law § 76-a. (*Id*.)

In its opposition memorandum of law, Defendant Trustco asserts three arguments. (Dkt. No. 83.) First, Defendant Trustco argues, it has "elect[ed] to discontinue" its counterclaim for defamation *per se.* (*Id*.) Second, Defendant Trustco argues, its counterclaim for violation of N.Y. Civil Rights Law § 70 has stated a claim upon which relief can be granted by alleging facts plausibly suggesting that Plaintiffs commenced and continued this action on behalf of themselves and "other persons similarly situated" without first reviewing available documentation (such as account statements and Notices of Insufficient Funds) that would have persuaded a reasonably

3

prudent person in like circumstances that they (and others) were charged overdraft fees not for debit-card or ATM transactions but for other, non-debit-card transactions (for example, in Plaintiff Scroggins' case, for bill payments and PayPal transaction), rendering their action "vexatious[]" under N.Y. Civil Rights Law § 70.  (*Id*.)  Third, Defendant Trustco argues, Plaintiffs' reliance on New York's new anti-SLAPP law is misplaced for three reasons: (a) it is not clear whether any provision of the law applies to federal actions in light of the Second Circuit's decision in *La Liberte v. Reid*, 966 F.3d 79, 85 (2d Cir. 2020); (b) in any event, the law is designed to protect parties against malicious lawsuits involving public petition and participation (which protects Defendant Trusto in asserting its counterclaims as much as it protects Plaintiffs in asserting their claims); and (c) here, the evidence will show that Plaintiffs had in their possession, or could have easily obtained, the necessary information to debunk their allegations against Defendant Trustco.  (*Id*.)

Plaintiffs did not file a reply memorandum of law.  (*See generally* Docket Sheet.)

## II.   GOVERNING LEGAL STANDARD

"The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (collecting cases).  "To survive a Rule 12(c) motion, the complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face."  *Oneida Indian Nation v. Phillips*, 981 F.3d 157, 165 (2d Cir. 2020), *aff'g*, 397 F. Supp.3d 223 (N.D.N.Y. July 31, 2019) (Suddaby, C.J.).

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not show[n]-that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. (citations omitted).

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), only the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer,

(2) documents incorporated by reference in the complaint (and provided by the parties), (3) documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

### III.   ANALYSIS

#### A.   Whether the Court Should Dismiss Defendant Trustco's Counterclaim for Defamation *Per Se*

After carefully considering the matter, the Court answers this question in the negative, because no Order of dismissal is necessary under the circumstances. As stated above in Part I.B. of this Decision and Order, Defendant Trustco has "elect[ed] to discontinue" its counterclaim for

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . .  Where a document is not incorporated by reference, the court may neverless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document.  It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc*., 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

defamation *per se*. (Dkt. No. 83.) Such an amendment of its Answer may not be properly achieved "once as a matter of course" under Fed. R. Civ. P. 15(a)(1), because the withdrawal (on June 29, 2022) did not occur within 21 days after service of Plaintiffs' motion (on May 25, 2022). (*Compare* Dkt. No. 70 *with* Dkt. No. 83.) However, Defendant Trustco is entitled to voluntarily discontinue its counterclaim without a Court order under Fed. R. Civ. P. 41(c), because no evidence has yet been adduced at a hearing or trial.[2]

Ordinarily, because Defendant Trustco's notice of voluntary dismissal does not state otherwise, this dismissal would be without prejudice under Fed. R. Civ. P. 41(a)(1)(B). However, Defendant Trustco "previously dismissed" this counterclaim under Fed. R. Civ. P. 41(a)(1)(B). (Dkt. No. 55.) As a result, the dismissal must be, and is, with prejudice.

> **B.     Whether the Court Should Dismiss Defendant Trustco's Counterclaim for Violation of N.Y. Civil Rights Law §§ 70-71**

After carefully considering the matter, the Court answers this question in the negative for each of the reasons set forth in Defendant Trustco's opposition memorandum of law. *See, supra,* Part I.B. of this Decision and Order. (*See also* Dkt. No. 83.) To those reasons, the Court adds only three brief points.

First, in support of its second counterclaim, Defendant Trustco alleges as follows:

> 73.    Plaintiffs filed the instant action on behalf of herself and a class of individuals similarly situated but otherwise unknown persons.
> 74.    In bringing the instant action, Plaintiffs were aware that the factual allegations upon which the instant action has been brought on behalf unknown persons were false and/or made with reckless disregard for the

---

[2] The Court notes that, even if Fed. R. Civ. P. 41(c) did not apply, the Court would find that Defendant Trustco's effective consent to the dismissal of this counterclaim lightens Plaintiffs' burden on their motion to dismiss it; and the Court would find that Plaintiffs have met that lightened burden for the reasons stated in their motion papers.

> truth.
> 75. In doing so, Plaintiffs commenced a lawsuit on behalf of unknown persons knowing that it lacked a factual basis.
> 76. In particular, prior to instituting the lawsuit, Plaintiffs were aware and/or did receive documentation evidencing that (1) she did not execute an "opt-in" consent for overdraft fees to be charged on ATM and one-time debit card transactions, and (2) that no overdraft fees were assessed on APPSN or Debit Transactions.
> 77. Plaintiffs commenced the instant action on behalf of unknown persons in bad faith, with malice and/or reckless disregard for the truth for the sole purpose to damage Trustco's goodwill and reputation and thereby pressure Trustco to quickly settle a frivolous lawsuit.
> 78. Plaintiffs conduct in intentionally commencing the instant lawsuit with no basis in fact on behalf of unknown members of a putative class qualifies as vexatious litigation and violates New York State Civil Rights Law § 70.
> 79. Trustco has been injured as a result of Plaintiffs commencing and continuing said vexatious litigation and is entitled to damages under Civil Rights Law §§ 70 and 71.

(Dkt. No. 67, at ¶¶ 73-79.) The Court agrees with Defendant Trustco that these allegations suggest that Plaintiffs commenced and continued this action on behalf of themselves and "other persons similarly situated" without first reviewing available documentation that would have undermined their claims, rendering their action "vexatious[]" under N.Y. Civil Rights Law § 70.

Second, Plaintiffs' argument relying on evidence "in the record" is inappropriate on this motion challenging the pleading sufficiency of an Answer under Fed. R. Civ. P. 12(c) and 12(b)(6). *See, supra,* Part II of this Decision and Order.

Third, and finally, Plaintiffs' argument about the dearth of case law that exists applying N.Y. Civil Rights Law § 70 to the filing of a class action lawsuit is well taken; however, it is also, at least at the present time, unpersuasive given (1) Plaintiffs' lack of elaboration on their argument, and (2) the broad language used in the statute. *See* N.Y. Civil Rights Law § 70 ("If a person vexatiously or maliciously, in the name of another but without the latter's consent, or in

the name of an unknown person, commences or continues, or causes to be commenced or continued, an action or special proceeding, in a court, . . . an action to recover damages therefor may be maintained against him by the adverse party to the action . . . .").

**ACCORDINGLY**, it is

**ORDERED** that Plaintiffs' motion to dismiss (Dkt. No. 70) is **DENIED**; and it is further

**ORDERED** that Defendant Trustco's voluntary dismissal of its counterclaim for defamation *per se* (Dkt. No. 67, at ¶¶ 54-72) under Fed. R. Civ. P. 41(c) is hereby deemed to be **with prejudice** pursuant Fed. R. Civ. P. 41(a)(1)(B).

Dated: March 17, 2023
       Syracuse, New York

*[Signature]*
Glenn T. Suddaby
U.S. District Judge