# The Kick Law Firm

A Professional Corporation

815 Moraga Drive
Los Angeles, California 90049
310 395 2988 / 310 395 2088

December 1, 2023

**VIA CM/ECF**

Hon. Miroslav Lovric
United States Magistrate Judge
U.S. District Court, Northern District of New York
James T. Foley Courthouse
445 Broadway
Albany, New York 12207

**Re:**   *Livingston, et al v. Trustco Bank* **(Lead Case)**
**Case No.: 1:20-cv-01030 (GTS-ML);** *Livingston v. Trustco Bank*
**Case No.: 1:21-cv-336 (GTS/ML);** *Lamoureux* **v. Trustco Bank**
**Case No.: 1:21-cv-238 (GLS/ATB);** *Jenkins v. Trustco Bank*

Dear Judge Lovric:

This letter is to alert the Court to a discovery dispute that has developed between the parties, per the Court's instructions issued during the January 23, 2023, Status Conference.

Plaintiffs served their Second Set of Requests for Production of Documents ("Requests") on Defendant on October 3, 2023. Defendant's responses were due on November 2, 2023, per Rule 34(b)(2)(A). However, Defendant failed to provide any response whatsoever to the Requests on or before this date.

Plaintiffs' Counsel then emailed Defense Counsel on November 20 and November 21 regarding the Requests. On November 21, Defense Counsel replied that it would provide an initial disclosure and supplemental documents. Defendant produced documents responsive to certain Requests on November 22, 2023, almost a month after the responses were due, and for the first time objected to other Requests and stated it was searching its business records for responsive documents. On November 27, 2023, Plaintiffs reiterated their requests for these documents and agreed to limit the time period for certain Requests. As of the writing of this letter, Defendant has produced no additional documents responsive to the Requests.

Because Defendant failed to timely respond to Plaintiffs' Requests, its objections to the requested discovery are waived. *See, e.g., Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 163–64 (S.D.N.Y. 2011). Further, even if the objections had not been waived, the documents at issue are all important to the case, are well within the standards for discovery, and would need to be produced regardless. *See Klipsch Grp., Inc. v. ePRO E-Com. Ltd.*, 880 F.3d 620, 631 (2d Cir. 2018) ("The extremely broad discovery permitted by the Federal Rules depends on the parties' voluntary participation").

Plaintiffs therefore respectfully request that the Court enter an order compelling Defendant to produce the documents described in the Requests by December 7, 2023.

Plaintiffs specifically request that Trustco be compelled to produce documents in the following categories:

**Request For Production No. 23**

This Request seeks the production of the transaction data of class members who incurred the at-issue fees. Your Honor has made clear that the discovery cut-off applies both to class discovery and non-class discovery. Because the class certification decision requires a "rigorous analysis" of the evidence, Second Circuit courts permit pre-certification class discovery where, as here, the plaintiff has alleged a potentially viable class claim. *Chen-Oster v. Goldman, Sachs & Co.*, 285 F.R.D. 294, 300 (S.D.N.Y. 2012). The class transaction data is relevant to proving each of the elements of the class certification because it shows that all class members were assessed the at-issue fees in a uniform manner by Defendant, in what amounts, and when. In addition, the class data will be necessary to identify class members and disseminate notice to the class. Defendant has already produced the class transaction data for certain sample months, proving that the data is available and feasible to produce. It should now be compelled to turn over the remaining data.

**Request For Production No. 26**

This Request seeks documents concerning Defendant's policies to assess overdraft and NSF fees. Trustco states in its Response that it has previously produced certain documents responsive to this Request. However, Plaintiffs have still not received documents reflecting communications among Trustco personnel regarding the APPSN practice. Such communications are relevant to establishing Defendant's interpretation of the contractual language at issue, and also impeaching Trustco's contentions about the meaning or supposed lack of ambiguity of the language. They are also relevant to test the veracity of Trustco's assertion in this litigation that it did not engage in the APPSN practice.

Further, Plaintiffs have also not yet received documents reflecting customer complaints and inquiries about Defendant's OD/NSF Fee policies, which can be relevant to establishing whether a reasonable customer would interpret the at-issue contracts in the manner Plaintiffs advocate. Trustco has stated in its Response that it is searching for these documents. As such, they should be produced.

**Request For Production Nos. 27, 28, 29, 30, 31**

These Requests seek documents related to communications about revenue and potential revenue from the fees at issue in this case, the overdraft and NSF fees, including internal communications on these topics within Trustco and external communications with third parties such as Fiserv and other industry consultants. These documents include discussions of how variations in Trustco's OD/NSF Fee policies may impact revenue. Trustco has responded that it is searching for these documents. It has had more than enough time. They should be produced. Like communications concerning the APPSN practice, internal and external communications regarding fee revenue are

relevant to establishing Defendant's contractual intent for purposes of the breach of contract claim, as well as whether Defendant willfully or knowingly violated N.Y. G.B.L. § 349. They would also help further to establish whether Defendant engages in the APPSN practice.

One specific document that is subsumed within Request for Production No. 31 which has not been produced is the communication between Trustco and Fiserv in which Trustco allegedly instructed Fiserv not to assess APPSN fees, as discussed in the Declaration of Taras Kick, Dkt. No. 36 at 2. This document not only falls within Plaintiff's formal discovery request, but was also previously requested of Trustco's original Sidley Austin attorneys in connection with Trustco's contention that it does not engage in the APPSN practice, when these attorneys represented that Trustco's CEO had personally told them Fiserv had been instructed by Trustco to program its overdraft fee software in a manner so as to not charge these fees. (Declaration of Taras Kick, Dkt. No. 36 at 2.) They even stated that if APPSN fees were being charged, Trustco would have a good case against Fiserv. (*Id*.) This document is clearly relevant to the issues in this case, and Trustco's own (former) attorneys have represented that this Fiserv communication exists. It must be produced.

**Request For Production No. 33**

This Request seeks documents concerning Defendant's record retention policy, which is relevant to determining whether Defendant complied with this policy should it assert that certain other requested documents are unavailable or have been destroyed. Record retention policies are clearly relevant, and Plaintiffs are entitled to verify whether Trustco complied with its own policies.

For the foregoing reasons, Plaintiffs respectfully request that the Court compel Trustco to comply with its discovery obligations and produce the requested documents described above. Plaintiffs request that the documents be produced no later than December 7, 2023, so that they may be available for the Rule 30(b)(6) deposition of Defendant's corporate representative that is scheduled to take place the following day.

Respectfully submitted,

*/s/ Taras Kick*
Taras Kick (pro hac vice)
Tyler Dosaj (pro hac vice)

cc: (VIA CM/ECF) All Counsel of record