## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| DEBORAH J. LIVINGSTON and DENA SCROGGINS, Individually and on behalf of all others similarly situated, | : : : : | Case No.: 1:20-cv-1030 (GTS-ML) (Lead Case); Consolidated With Case |
| Plaintiffs, | : : | No.: 1:21-cv-336 (GTS/ML) (Member Case) and Case No.: 1:21-cv-238 |
| v. | : : | (GLS/ATB) (Member Case) |
| TRUSTCO BANK, A FEDERAL SAVINGS BANK, | : : : | |
| Defendant. | : | |

### DECLARATION OF TARAS KICK IN SUPPORT OF UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Taras Kick, declare as follows:

1.       I am an attorney admitted to practice in the State of California and a shareholder of The Kick Law Firm, APC, attorneys for Plaintiffs and the class members. I submit this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. I have personal knowledge of the following, except where stated upon information and belief, and if sworn as a witness, I could and would competently testify thereto.

2.       I have been a member of the California State Bar since 1989, the year I graduated from the University of Pennsylvania Law School. Prior to that, in 1986, I graduated from Swarthmore College, from which I earned a Bachelor of Arts degree in Economics and Psychology. I have served as class counsel in numerous national and state class actions, including being appointed lead counsel and a member of plaintiffs' executive committees. For over five years, I was a member of the national Board of Directors of Public Justice, including its Class Action Preservation Committee. I am or have been a member of numerous other committees pertaining to consumer class actions, including the American Association for Justice Class Action

1

Litigation Sub-Group; the Consumer Attorneys of California Class Action Group; the American Bar Association Committee on Class Actions & Derivative Suits; and, the State Bar of California Antitrust and Unfair Competition Litigation section. From 2012 through September 2017, I was a Commissioner of the California Law Revision Commission, an independent state agency created by statute in 1953 to assist the Legislature and Governor by examining California law and recommending needed reforms, having been appointed by Governor Edmund G. Brown Jr. in 2012, and was Chair of the Commission from September 2015 through September 2016 (although my role in this case is independent of any aspect of my duties with the Commission and does not reflect one way or the other any positions of the Commission). The Kick Law Firm, APC primarily represents plaintiffs in class actions.

3. The firm's class action experience in which I have been appointed as either lead class counsel, or co-lead class counsel, includes but is not limited to, the following cases: *Lowe v. NBT Bank, N.A.*, No. 319CV1400MADML, 2022 WL 4621433 (N.D.N.Y. Sept. 30, 2022) (an overdraft fee class action, final approval granted); *Richard v. Glens Falls National Bank*, No. 1:20-cv-00734 (BKS/DJS) (N.D.N.Y. July 22, 2022) (an overdraft fee class action, final approval granted); *Smith v. Bank of Hawaii*, United States District Court for the District of Hawaii, Case No. 1:16-cv-00513 (an overdraft fee class action, final approval granted on December 22, 2020); *Coleman-Weathersbee v. Michigan State University Federal Credit Union*, United States District Court for the Eastern District of Michigan, Case No. 2:19-cv-11674 (an overdraft fee class action, final approval granted on July 29, 2020); *Walker v. People's United Bank*, United States District Court for the District of Connecticut, Case No. 3:17-cv-00304 (an overdraft fee class action, final approval granted on June 29, 2020); *Story v. SEFCU*, United States District Court for the Northern District of New York, Case No. 1:18-cv-00764 (an overdraft fee class action, final approval granted on February 25, 2021); *Salls v. Digital Federal Credit Union*, United States District Court for the District of Massachusetts, Case. No. 18-cv-11262-TSH (an overdraft fee class action, final approval granted in January 2020); *Pingston-Poling v. Advia Credit Union*, United States District Court for the Western District of Michigan, Case No. 1:15-CV-1208 (an overdraft fee class action,

2

final approval granted in January 2020); *Lloyd v. Navy Federal Credit Union*, United States District Court for the Southern District of California, Case No. 3:17-cv-01280 (an overdraft fee class action, final approval granted May 18, 2019); *Ketner v. SECU Maryland*, Civil No.:1:15-CV-03594-CCB (D. MD. 2017) (an overdraft fee class action, final approval granted January 11, 2018); *Towner v. 1st MidAmerica Credit Union*, No. 3:15-cv-1162 (S.D. Ill. 2017) (an overdraft fee class action, final approval granted in November 2017); *Lane v. Campus Federal Credit Union*, Case No. 3:16-cv-00037 (M.D. La. 2017) (an overdraft fee class action, final approval granted in August 2017); *Fry v. MidFlorida Credit Union*, United States District Court for the Middle District of Florida, Case No. 8:15-CV-2743 (an overdraft fee class action, final approval granted); *Ramirez v. Baxter Credit Union*, United States District Court for the Northern District of California, Case No. 16-cv-03765-SI (an overdraft fee class action, final approval granted); *Lynch v. San Diego County Credit Union*, San Diego County Superior Court, Case No. 37-2015-00008551 (an overdraft fee class action, final approval granted); *Gunter v. United Federal Credit Union*, United States District Court for the District of Nevada, Case No. 3:15-cv-00483-MMD-WGC (an overdraft fee class action, final approval granted); *Hernandez v. Point Loma Credit Union*, San Diego County Superior Court, Case No. 37-2013-00053519 (an overdraft fee class action, final approval granted); *Gray v. Los Angeles Federal Credit Union*, Los Angeles County Superior Court, Case No. BC625500 (an overdraft fee class action, final approval granted in); *Moralez v. Kern Schools Federal Credit Union*, Kern County Superior Court, Case No. BCV-15-100538 (an overdraft fee class action, final approval granted in June 2017); *Manwaring v. SAFE Credit Union*, Sacramento County Superior Court, Case No. 34-2013-00142667 (an overdraft fee class action, final approval granted); *Casey v. Orange County Credit Union*, Orange County Superior Court No. 30-2013-00658493-CJ-BT-CXC (an overdraft fee class action, final approval granted); *Sewell v. Wescom Credit Union*, Los Angeles County Superior Court No. BC5860 (an overdraft fee class action, final approval granted); *Fernandez v. Altura Credit Union*, Riverside County Superior Court, Case No. RIC1610873 (an overdraft fee class action, final approval granted); *Hernandez v. Logix Federal Credit Union*, Los Angeles County Superior Court, Case No. BC628495 (an

overdraft fee class action, final approval granted); *Bowens v. Mazuma Federal Credit Union*, United States District Court for the Western District of Missouri, Case No. 15-00758-CV-W-BP (an overdraft fee class action, final approval granted); *Santiago v. Meriwest Credit Union*, Sacramento County Superior Court, Case No. 34-2015-00183730 (an overdraft fee class action, final approval granted); *Howard v. Sage Software*, Los Angeles County Superior Court Case No. BC487140 (final approval granted); *Kirtley v. Wadekar*, United States District Court for the District of New Jersey, Case No. 05-5383 (final approval granted); *Pereyra v. Mike Campbell & Associates*, Los Angeles County Superior Court Case No. BC365631 (final approval granted); *Oshaben v. Monster Worldwide, Inc.*, et al., San Francisco County Superior Court Case No. CGC-06-454538 (final approval granted); *Cole v. T-Mobile USA, et al.*, Central District of California Case No. 06-6649 (final approval granted).

4.      The Kick Law Firm, APC undertook this case on a contingent basis, with the understanding that the firm would not be compensated for its efforts unless the case was successful. To date, TKLF has not been paid for any of its time spent on this matter. The time spent on this matter by the firm's attorneys has required considerable work that could have, and would have, been spent on other billable matters. As a result of having accepted and been devoted to this case, it is my informed belief this law firm wound up not representing parties in cases it otherwise would have, and which in my opinion likely would have compensated this firm at its hourly rates requested in this matter.

5.      Regarding the procedural history of this case,  Plaintiff Livingston initially filed this class action in the Northern District of New York on September 2, 2020, alleging (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment, (4) money had and received, (5) violation of Electronic Fund Transfers Act (Regulation E), and (6) violation of New York General Business Law § 349. (ECF No. 1.) On December 7, 2020, Trustco filed its Answer to the Complaint, including counterclaims for defamation per se and violations of NYS Civil Rights Law §§ 70, 71 for filing a lawsuit on behalf of unknown persons knowing that it lacked a factual basis. (ECF No. 22.) Plaintiff Livingston filed a motion to dismiss

Trustco's counterclaims and strike its affirmative defenses on December 28, 2020. (ECF No. 25.) On February 11, 2021, Plaintiff Livingston moved to amend the Complaint, seeking to add Dena Scroggins as a named plaintiff, and to add additional allegations. (ECF No. 29.) Trustco filed its Opposition to the Motion for Leave to Amend on March 4, 2021, arguing that amendment would be futile. (ECF No. 32.) The Court granted the Motion for Leave to Amend on April 23, 2021. (ECF No. 41.) Trustco filed its Motion to Dismiss the Amended Complaint on June 16, 2021. (ECF No. 46.) Plaintiffs Livingston and Scroggins filed their Opposition on July 7, 2021. (ECF No. 47.) On March 16, 2022, the Court denied Trustco's Motion to Dismiss in the *Livingston* action with respect to the breach of contract cause of action, and granted the Motion to Dismiss as to the other causes of action. (ECF No. 66.)  On October 29, 2021, having obtained the consent of both parties, the Court consolidated the *Livingston* and *Lamoureux* actions. (ECF No. 63.) Trustco then filed an Answer to the Amended Complaint, again asserting counterclaims for defamation per se. (ECF No. 67.) Plaintiffs filed their Motion to Dismiss the counterclaims on May 25, 2022. (ECF No. 70.) On June 29, 2022, Defendant filed its Opposition to the Motion to Dismiss the counterclaims, and withdrew its counterclaim for defamation per se. (ECF No. 83.) On March 17, 2023, the Court dismissed Defendant's counterclaim for defamation per se with prejudice. (ECF No. 113.)  On January 13, 2023, the Court entered an Order consolidating the *Jenkins* action with the *Livingston* action, with the *Livingston* action being designated the lead case. (ECF No. 99.) On February 28, 2023, Defendant filed a letter brief requesting that the *Jenkins* action be severed from the *Livingston* action, which Plaintiffs opposed, and which the Court denied on March 20, 2023. (ECF No. 107, 112, 114.)  Plaintiff Lamoureux filed the *Lamoureux* action in the Northern District of New York on March 24, 2021, alleging the same causes of action as the *Livingston* plaintiffs, based on Trustco's assessment of APPSN fees and Retry NSF fees. (ECF No. 1.) Defendant filed its Motion to Dismiss the Complaint on June 22, 2021; Plaintiff Lamoureux filed an Opposition on August 31, 2021; and Defendant filed its Reply on October 4, 2021. (ECF No. 17, 22, 26.) On March 16, 2022, the Hon. Glenn T. Suddaby denied the Motion to Dismiss with respect to the breach of contract and GBL § 349 causes of action, and dismissed the other claims. (ECF No. 31.)

Plaintiff Thomas Jenkins filed the *Jenkins* action in the Northern District of New York on March 1, 2021, alleging (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment, and (4) violation of New York General Business Law § 349, based on the Retry NSF theory of liability only. (ECF No. 1.) Defendant filed its Motion to Dismiss the Complaint on June 17, 2021; Plaintiff Jenkins filed an Opposition on July 8, 2021; and Defendant filed its Reply on July 23, 2021. (ECF No. 26, 27, 30.) On August 16, 2022, the Hon. Gary L. Sharpe denied the Motion to Dismiss with respect to the breach of contract cause of action, and dismissed the other claims. (ECF No. 34.) Following briefing, the Court permitted the substitution of Plaintiff Tammy Jenkins, administrator and representative of the estate of Thomas Jenkins, for the deceased Plaintiff Thomas Jenkins. (ECF No. 111.)

        6.      The investigation and discovery conducted in this matter have been adequate to give me a sound understanding of the merits of the positions, including Defendant's defenses, and to evaluate the reasonable value range of the claims of the Class.  Both before and after initiating the Action on behalf of the putative class, Plaintiffs and Class Counsel diligently investigated the claims alleged and conducted legal research regarding Defendant's potential liability and defenses. Plaintiffs have propounded interrogatories and requests for production to Defendant, to which Defendant has responded, and Defendant has propounded interrogatories and requests for production to Plaintiffs Livingston, Scroggins, and Lamoureux, to which these Plaintiffs have responded.  Defendant provided sample transaction data covering four months that enabled Plaintiffs' expert, Arthur Olsen, to assess damages under the Retry NSF and APPSN liability theories alleged in the Complaint.  In addition, the parties and their experts met and conferred on numerous occasions to discuss the class transaction data, ensuring that both sides understood the data as it related to Plaintiffs' claims.  Both Plaintiffs' expert and Defendant's expert produced damages analyses, which the Parties exchanged. On November 28, 2023, the Parties participated in a mediation at the United States District Court for the Northern District of New York Courthouse in Albany, New York, with the Hon. Randolph Treece (Ret.) presiding. The matter did not settle on the day of the mediation, but the Parties subsequently reached an agreement to settle the matter

through the mediator Judge Treece.

7.     Settlement negotiations at all times were adverse, at arm's length, and non-collusive.  This firm's extensive experience litigating overdraft fee class actions such as this one helped me to make an informed assessment of the strengths and weaknesses of the instant case. Plaintiffs' expert determined based on Defendant's class transaction data that Defendant's Net Damages in this case, meaning the amounts of the at-issue fees assessed against class members less refunds, equals approximately $3,678,694. With no reduction in that number, the settlement being presented for approval, without interest, equals approximately 75% of the total damages likely to be awarded at trial.  Further, based on this damages number calculated by Plaintiffs' expert Arthur Olsen, there will be thousands of class members. I believe the settlement is a fair one, in the best interest of the class members, and I support it. The Settlement Agreement is attached as **Exhibit 1** to this declaration.

8.     The proposed class representatives Deborah Livingston, Dena Scroggins, Robert Lamoureux, and Tammy Jenkins were account holders of Defendant during the Class Period, entered into the identical form agreements as did other class members, and were assessed fees by the same automated software system.  The interests of the named Plaintiffs are not antagonistic to those of the other class members, but are aligned. I am informed that Plaintiff Thomas Jenkins passed away on August 1, 2022 in Orlando, Florida. (ECF No. 111-2.) Following briefing, the Court permitted the substitution of Plaintiff Tammy Jenkins, administrator and representative of the estate of Thomas Jenkins, for the deceased Plaintiff Thomas Jenkins. (ECF No. 111.) The Trustco Bank account that is the subject of the *Jenkins* action is a joint account owned by Thomas Jenkins and Tammy Jenkins. (ECF No. 111-2.)

9.     The proposed class representatives were helpful to this case, and I believe that they should be compensated for the contributions provided to the Class, the reputational risks they undertook, the time and efforts expended on behalf of the Class, and the significant accomplishments of this case.  Among other things, the Plaintiffs provided essential information for the prosecution of this action and in connection with negotiations and settlement, gathered and

provided pertinent documents, took time to participate in phone calls with counsel, and reviewed the settlement documents.  At no time did Plaintiffs ever have a guarantee of any personal benefit as a result of this case.

10.     Administration services for this case will be put out to bid to three well-regarded claims administrators, and are intended to be Epiq Class Action & Claims Solutions, Inc. ("Epiq"), KCC Class Action Services, LLC ("KCC"), and Simpluris, Inc. ("Simpluris"), to provide the notice and administration services set forth in the Settlement Agreement.  Each of these firms has substantial experience administering overdraft fee class action settlements.  Further information about each firm can be found at https://www.epiqglobal.com/en-us/services/class-action-mass-tort/class-action-administration/claims-administration (Epiq); https://www.kccllc.com/our-services/class-action/what-we-do (KCC); and https://www.simpluris.com/class-action-administration/ (Simpluris).  Administration services in this matter will be carried out by the lowest of the three bidders.  When using similar notice programs as proposed here in other class actions involving alleged improper overdraft or NSF Fees, the notice reach has usually exceeded 90%.

11.     I have been involved in this case personally since day one, and have investigated the facts and legal issues.  Regarding possible risks in this case, they include that a trier of fact might determine that the language in the operative contracts allowed Trustco to charge the fees at issue in the manner in which it did.  Plaintiffs prevailed on this issue at the Motion to Dismiss stage, but there still remained risk that at Summary Judgment or at trial, a trier of fact might rule otherwise.  Further, there has not yet been a grant of class certification in this case.  Although I believe this case is very strong for certification, this nonetheless presents another risk.  If the matter went all the way to trial, whichever party did not prevail at trial likely would appeal, causing more delay and more costs before class members received their money, even if Plaintiffs prevailed at trial and on appeal.  Such additional activity could result in substantial additional attorneys' fees and costs.  The risks and costs outlined in this paragraph are another reason why I am in support of the proposed settlement, and believe it to be in the best interest of class members.

12.     The liability theories underlying the class claims involve uniform overdraft and

NSF fee practices, and uniform contractual terms, such that the question whether Defendant breached a given member's contract can be answered on a class-wide basis.   Most of the claims in this case are too small to litigate outside of the class context, as they pertain to Defendant's assessment of overdraft and NSF fees in the amount of $36 each.

13.    I am informed that the total costs incurred in this matter to date are $31,407.43, with $28,841,09 incurred by The Kick Law Firm, APC; $1,604.64 incurred by The Cherundolo Firm; $713.50 incurred by Stranch, Jennings & Garvey; and $248.20 incurred by Cohen & Malad. Per the Settlement Agreement, Plaintiffs have agreed not to apply for litigation related costs in excess of $50,000. The itemization of The Kick Law Firm, APC's costs are as follows: Mediation Fees of The Hon. Randolph Treece, $4,000.00; Cassis Technology, $19,600 to date; Pro Hac Vice Costs and Other Administrative, $1,012.00; Travel, Lodging, and Meals, $4,229.09.

14.    The proposed *cy pres* recipient, Public Citizen Foundation, has been approved by multiple courts across the country as an appropriate *cy pres* recipient in a class action involving alleged improper banking fees such as at issue in this case. The concurrently filed declaration of its President Robert Weissman sets forth more information about the organization, and why it would be an appropriate *cy pres* recipient in this matter. Additionally, further information can be found about the organization at https://www.citizen.org/about/.  None of Plaintiffs' attorneys are involved in the governance of Public Citizen nor on its Board of Directors.

I declare under penalty of perjury pursuant to the laws of the United States of America and the State of New York that the foregoing is true and correct.

Executed this 14th day of February 2024, at Los Angeles, California.

/s/ *Taras Kick*_____
Taras Kick