# <u>SETTLEMENT AGREEMENT AND RELEASE</u>

*Livingston, et al v. Trustco Bank* **(Lead Case)**

**United States District Court for the Northern District of New York**

**Case No.: 1:20-cv-01030 (GTS-ML)**

\*\*\*

*Lamoureux v. Trustco Bank* **(Member Case)**

**United States District Court for the Northern District of New York**

**Case No.: 1:21-cv-336 (GTS/ML)**

\*\*\*

*Jenkins v. Trustco Bank* **(Member Case)**

**United States District Court for the Northern District of New York**

**Case No.: 1:21-cv-238 (GLS/ATB)**

## PREAMBLE

This Settlement Agreement and Release (the "Agreement") is entered into by and among Plaintiffs Deborah Livingston, Robert Lamoureux, Dena Scroggins, and the Estate of Thomas Jenkins as represented by Tammy Jenkins ("Named Plaintiffs" or "Plaintiffs") and all those on whose behalf they are prosecuting this action ("Class Members"), on the one hand, and Defendant Trustco Bank ("Defendant" or " Trustco"), on the other hand, as of the date executed below.  All references in this Agreement to a "Party" or the "Parties" shall refer to a party or the parties to this Agreement.

## RECITALS

A.      Plaintiff Livingston initially filed this class action in the Northern District of New York on September 2, 2020, alleging (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment, (4) money had and received, (5) violation of Electronic Fund Transfers Act (Regulation E), and (6) violation of New York General Business Law § 349. (ECF No. 1.) On December 7, 2020, Trustco filed its Answer to the Complaint, including counterclaims for defamation per se and violations of NYS Civil Rights Law §§ 70, 71 for filing a lawsuit on behalf of unknown persons knowing that it lacked a factual basis. (ECF No. 22.) Plaintiff Livingston filed a motion to dismiss Trustco's counterclaims and strike its affirmative defenses on December 28, 2020. (ECF No. 25.)

B.      On February 11, 2021, Plaintiff Livingston moved to amend the Complaint, seeking to add Dena Scroggins as a named plaintiff, and to add additional allegations. (ECF No. 29.) Trustco filed its Opposition to the Motion for Leave to Amend on March 4, 2021, arguing that amendment would be futile. (ECF No. 32.) The Court granted the Motion for Leave to Amend on April 23, 2021. (ECF No. 41.)

C.      Trustco filed its Motion to Dismiss the Amended Complaint on June 16, 2021. (ECF No. 46.) Plaintiffs Livingston and Scroggins filed their Opposition on July 7, 2021. (ECF No. 47.) On March 16, 2022, the Court denied Trustco's Motion to Dismiss in the *Livingston* action with respect to the breach of contract cause of action, and granted the Motion to Dismiss as to the other causes of action. (ECF No. 66.)

D.      On October 29, 2021, having obtained the consent of both parties, the Court consolidated the *Livingston* and *Lamoureux* actions. (ECF No. 63.)

E.      Trustco then filed an Answer to the Amended Complaint, again asserting counterclaims for defamation per se and violations of NYS Civil Rights Law §§ 70, 71. (ECF No. 67.) Plaintiffs filed their Motion to Dismiss the counterclaims on May 25, 2022. (ECF No. 70.) On June 29, 2022, Defendant filed its Opposition to the Motion to Dismiss the counterclaims, and withdrew its counterclaim for defamation per se. (ECF No. 83.) On March 17, 2023, the Court dismissed Defendant's counterclaim for defamation per se with prejudice and denied the Motion regarding the N.Y. Civil Rights Law §§ 70-71 counterclaim. (ECF No. 113.)

F.      On January 13, 2023, the Court entered an Order consolidating the *Jenkins* action with the *Livingston* action, with the *Livingston* action being designated the lead case. (ECF No.

1

99.) On February 28, 2023, Defendant filed a letter brief requesting that the *Jenkins* action be severed from the *Livingston* action, which Plaintiffs opposed, and which the Court denied on March 20, 2023. (ECF No. 107, 112, 114.)

G.     Plaintiff Lamoureux filed the *Lamoureux* action in the Northern District of New York on March 24, 2021, alleging the same causes of action as the *Livingston* plaintiffs, based on Trustco's assessment of APPSN fees and Retry NSF fees. (ECF No. 1.) Defendant filed its Motion to Dismiss the Complaint on June 22, 2021; Plaintiff Lamoureux filed an Opposition on August 31, 2021; and Defendant filed its Reply on October 4, 2021. (ECF No. 17, 22, 26.) On March 16, 2022, the Hon. Glenn T. Suddaby denied the Motion to Dismiss with respect to the breach of contract and GBL § 349 causes of action, and dismissed the other claims. (ECF No. 31.)

H.     Plaintiff Jenkins filed the *Jenkins* action in the Northern District of New York on March 1, 2021, alleging (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, (3) unjust enrichment, and (4) violation of New York General Business Law § 349, based on the Retry NSF theory of liability only. (ECF No. 1.) Defendant filed its Motion to Dismiss the Complaint on June 17, 2021; Plaintiff Jenkins filed an Opposition on July 8, 2021; and Defendant filed its Reply on July 23, 2021. (ECF No. 26, 27, 30.) On August 16, 2022, the Hon. Gary L. Sharpe denied the Motion to Dismiss with respect to the breach of contract cause of action, and dismissed the other claims. (ECF No. 34.)

I.     Plaintiffs have propounded interrogatories and requests for production to Defendant, to which Defendant has responded, and Defendant has propounded interrogatories and requests for production to Plaintiffs Livingston, Scroggins, and Lamoureux, to which these Plaintiffs have responded. Defendant further provided Plaintiffs with a four-month sample of class transaction data sufficient for Plaintiffs' expert to identify the at-issue fees on class member accounts and to perform a damages analysis.

J.     The Parties retained experts to independently analyze the sample class transaction data. Both Plaintiffs' expert and Defendant's expert produced damages analyses, which the Parties exchanged. On November 28, 2023, the Parties participated in a mediation at the United States District Court for the Northern District of New York Courthouse in Albany, New York, with the Hon. Randolph Treece (Ret.) presiding. The matter did not settle on the day of the mediation, but the Parties subsequently reached an agreement in principle to settle the matter through the mediator.

K.     Defendant has entered into this Agreement to resolve any and all controversies and disputes arising out of or relating to the allegations made in the operative Complaint, and to avoid the burden, risk, uncertainty, expense, and disruption to its business operations associated with further litigation. Defendant does not in any way acknowledge, admit to or concede any of the allegations made in the operative Complaint, and expressly disclaims and denies any fault or liability, or any charges of wrongdoing that have been or could have been asserted in the operative Complaint. Nothing contained in this Agreement shall be used or construed as an admission of fault, wrongdoing or liability, and this Agreement shall not be offered or received in evidence in any action or proceeding in any court or other forum as an admission or concession of fault, liability or wrongdoing of any nature or for any other purpose other than to enforce the terms of this Agreement.

L.      Named Plaintiffs have entered into this Agreement to liquidate and recover on the claims asserted in the operative Complaint, and to avoid the risk, delay, and uncertainty of continued litigation. Named Plaintiffs do not in any way concede the claims alleged in the operative Complaint lack merit or are subject to any defenses.

## <u>AGREEMENT</u>

**NOW**, **THEREFORE**, in consideration of the foregoing recitals, which are incorporated into and are an integral part of this Agreement, and in consideration of the mutual promises below, the Parties agree as follows:

1.      **<u>DEFINITIONS.</u>** In addition to the definitions contained elsewhere in this Agreement, the following definitions shall apply:

(a)      "APPSN Fee" shall mean an Overdraft Fee on a point of sale Debit Card Transaction, where there was a sufficient available balance at the time the transaction was authorized but an insufficient available balance at the time the transaction was presented to Trustco Bank for payment and posted to the account.

(b)      "Complaint" shall collectively mean the operative Amended Class Action Complaint in the *Livingston* action, filed on April 26, 2021, and Complaints filed in the consolidated actions of *Lamoureux* and *Jenkins*.

(c)      "Bar Date to Object" shall be the date set by the Court as the deadline for Class Members to file an Objection, and shall be approximately fifteen (15) days after the filing of the Motion for Final Approval.

(d)      "Bar Date to Opt Out" shall be the date set by the Court as the deadline for Class Members to opt out.  The Bar Date shall be thirty (30) days after the date the Notice (defined below) must be sent to the Class Members.

(e)      "Class Counsel" shall mean Taras Kick of The Kick Law Firm, APC.

(f)      "Class List" means a list of all members of the Settlement Class

(g)      "Class Member" shall mean any Trustco Bank account holder who has or had an account with Trustco Bank who from September 2, 2014 through December 10, 2023 was charged two or more NSF Fees or an NSF Fee followed by an Overdraft Fee on the same ACH transaction or check, or was charged an Overdraft Fee on a point of sale Debit Card Transaction, where there was a sufficient available balance at the time the transaction was authorized but an insufficient available balance at the time the transaction was presented to Trustco Bank for payment and posted to the account.

(h)      "Class Period" shall mean the time period from September 2, 2014 through December 10, 2023.

(i)      "Court" shall mean the United States District Court for the Northern District of New York.

3

(j)      "Defendant's Counsel" shall mean John Bailey and Crystal Peck of the law firm of Bailey, Johnson & Peck, P.C.

(k)      "Effective Date" shall be thirty (30) days after the entry of the Final Approval Order (defined below) provided no objections are made to this Agreement.  If there are objections to the Agreement, then the Effective Date shall be the later of: (1) thirty (30) days after entry of the Final Approval Order if no appeals are taken from the Final Approval Order; or (2) if appeals are taken from the Final Approval Order, then thirty (30) days after an Appellate Court ruling affirming the Final Approval Order; or (3) thirty (30) days after entry of a dismissal of the appeal.

(l)      "Email Notice" shall mean a short form of the Notice that shall be sent by email to Class Members who have elected to receive notice from Defendant by email, in substantially the form of Exhibit 2 to this Agreement.

(m)      "Exclusion Letter" shall mean a letter by a Class Member who elects to opt out of this Agreement.

(n)      "Final Approval Hearing Date" shall be the date set by the Court for the hearing on any and all motions for final approval of this Agreement.

(o)      "Final Approval Order" shall mean the Order and Judgment approving this Agreement issued by the Court on or after the Final Approval Hearing Date.

(p)      "Final Report" shall mean the report prepared by the Settlement Administrator of all receipts and disbursements from the Settlement Fund, as described in Paragraph 9, below.

(q)      "Long Form Notice" shall mean a long form of the Notice that shall be displayed on the Settlement Website, in substantially the form of Exhibit 3 to this Agreement.

(r)      "Motion for Final Approval" shall mean the motion or motions filed by Class Counsel, as referenced in Paragraph 5, below.

(s)      "Net Settlement Fund" shall mean the net amount of the Settlement Fund after payment of court approved attorneys' fees and costs, any court approved service awards and the costs of Notice, and any fees paid to the Settlement Administrator.

(t)      "Notice" shall mean the notice to Class Members of the settlement provided for under the terms of this Agreement, as ordered by the Court in its Preliminary Approval Order (defined below) and shall refer to the form of Notices attached hereto as Exhibits 1-3, namely the Postcard Notice, Email Notice, and Long Form Notice.

(u)      "NSF Fee" shall mean a non-sufficient funds fee assessed against an account holder of Defendant for items rejected when the account had insufficient funds.

(v)      "Overdraft Fee" shall mean an overdraft fee assessed against an account holder of Defendant for items paid when the account had insufficient funds.

(w)      "Postcard Notice" shall mean a short form of the Notice that shall be sent by mail to Class Members, in substantially the form of Exhibit 1 to this Agreement.

(x)      "Preliminary Approval Order" shall mean the Order issued by the Court preliminarily approving this Agreement and authorizing the sending of the Notice to Class Members, as provided in Paragraphs 3 and 4, below.

(y)      "Retry NSF Fee" shall mean the NSF Fee that Defendant charges on the second or subsequent time a third party presents an item in an attempt to collect on an ACH transaction or check after the first or prior attempt at collection was rejected and the account was assessed an NSF Fee, or the Overdraft Fee that Defendant charges on an item that previously resulted in an NSF Fee.

(z)      "Settlement Administrator" shall mean the entity that will provide the notice and other administrative handling of this Settlement Agreement.   Selection of Settlement Administrator will be agreed upon by Defendant and Class Counsel.  Class Counsel shall request bids from at least three separate Settlement Administrators.  In the absence of an Agreement,  the one providing the lowest bid shall be selected.  Either Class Counsel or Defendant may move the Court to substitute a different organization as Settlement Administrator, upon a showing that the responsibilities of Settlement Administrator have not been adequately executed by the incumbent.

(aa)      "Settlement Class" shall mean all Trustco Bank account holders who have or have had accounts with Trustco Bank  who from September 2, 2014 through December 10, 2023 were charged two or more NSF Fees or an NSF Fee followed by an Overdraft Fee on the same ACH transaction or check (the "Retry NSF" Class); and, all Trustco Bank account holders who have or have had accounts with Trustco Bank who from September 2, 2014 through December 10, 2023 were charged an Overdraft Fee on a point of sale Debit Card Transaction, where there was a sufficient available balance at the time the transaction was authorized but an insufficient available balance at the time the transaction was presented to Trustco Bank for payment and posted to the account (the "APPSN" Class). Excluded from the Settlement Class is Trustco Bank, its parents, subsidiaries, affiliates, officers and directors; all members who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

(bb)      "Settlement Fund" shall mean the $2,750,000 to be paid by Defendant under the terms of this Agreement.

(cc)      "Settlement Website" shall mean the website maintained by the Settlement Administrator for purposes of making information regarding this Agreement available to Class Members.

2.      **CLASS ACTION SETTLEMENT**. Plaintiffs shall propose and recommend to the Court that the Settlement Class be certified. Defendant agrees solely for purposes of the settlement provided for in this Agreement, and the implementation of such settlement, that this case shall proceed as a class action; provided, however, that if a Final Approval Order is not issued, then Defendant shall retain all rights to object to maintaining this case as a class action. Plaintiffs and Class Counsel shall not reference this Agreement in support of any subsequent motion relating to certification of a liability class.

3.      **PRELIMINARY SETTLEMENT APPROVAL**. Class Counsel shall use reasonable efforts to file a motion for a Preliminary Approval Order within one week following the execution of this Agreement. The Preliminary Approval Order shall provide for: preliminary approval of this Agreement, provisional certification of class for settlement purposes, appointment of Class Counsel as counsel to the provisionally certified class, and the requirement that the Notice be given to the Class Members as provided in Paragraph 4, below (or as otherwise determined by the Court).

4.      **NOTICE TO THE CLASS.**

(a)      Defendant will provide the Settlement Administrator with the Class List. The Settlement Administrator shall send the Notice to all Class Members as specified by the Court in the Preliminary Approval Order.

(b)      For those Class Members who are current account holders of Defendant and have agreed to receive electronic notices regarding their accounts, Defendant shall provide the Settlement Administrator with the most recent email addresses they have for these Class Members. The Settlement Administrator shall email an Email Notice to each such Class Member's last known email address, in a manner that is calculated to avoid being caught and excluded by spam filters or other devices intended to block mass email. For any emails that are returned undeliverable, the Settlement Administrator shall use the best available databases to obtain current email address information for Class Members, update its database with these emails, and resend the Notice by email. For any emails that are again returned as undeliverable following this step, the Settlement Administrator shall send the Postcard Notice to the Class Member at their last known address. The Email Notice and Postcard Notice shall inform Class Members how they may access a copy of the Long Form Notice.

(c)      For those Class Members who are not current account holders of Defendant or who have not agreed to receive electronic notices regarding their accounts, the Postcard Notice shall be mailed to these Class Members by first class United States mail to the best available mailing addresses. Defendant shall provide the Settlement Administrator with last known mailing addresses for these Class Members. The Settlement Administrator will run the names and addresses through the National Change of Address Registry and update as appropriate. If a mailed Notice is returned with forwarding address information, the Settlement Administrator shall re-mail the Notice to the forwarding address. For all mailed Notices that are returned as undeliverable, the Settlement Administrator shall use standard skip tracing devices to obtain forwarding address information and, if the skip tracing yields a different forwarding address, the Settlement Administrator shall re-mail the Notice to the address identified in the skip trace, as soon as reasonably practicable after the receipt of the returned mail.

(d)      The Long Form Notice shall be posted on the Settlement Website created by the Settlement Administrator.

(e)      The Settlement Administrator shall maintain a database showing mail and email addresses to which each Notice was sent and any Notices that were not delivered by mail and/or email. A summary report of the Notice shall be provided to the Parties at least five (5) days prior to the deadline to file the Motion for Final Approval. The database maintained by the

6

Settlement Administrator regarding the Notice shall be available to the Parties and the Court upon request. It shall otherwise be confidential and shall not be disclosed to any third party. To the extent the database is provided to Class Counsel, it shall be used only for purposes of implementing the terms of this Agreement, and shall not be used for any other purposes.

(f)     The Notice shall be in a form approved by the Court and, substantially similar to the notice forms attached hereto as Exhibits 1-3. The Parties may by mutual written consent make non-substantive changes to the Notice without Court approval.

(g)     All the Settlement Administrator's fees and costs shall be paid out of the Settlement Fund.

**5.     MOTION FOR FINAL APPROVAL**. Within a reasonable time after the Bar Date to Opt Out, and provided the conditions in Paragraph 14, below, are satisfied, Class Counsel shall file a Motion for Final Approval of this Agreement so that same can be heard on the Final Approval Hearing Date.

**6.     ENTRY OF JUDGMENT**. The Final Approval Order shall constitute the Court's final judgment in this action. The Court shall retain jurisdiction to enforce the terms of the Final Approval Order.

**7.     THE SETTLEMENT FUND AND DISTRIBUTION.**

(a)     Payments to Class Members. Within three (3) days after the Effective Date, Defendant shall transfer the Settlement Fund to the Settlement Administrator, , as provided in Paragraph 7(d)(iv), below. The Settlement Fund shall be the total amount Defendant is obligated to pay under the terms of this Agreement and includes (a) Class Counsels' fees and costs; (b) any service award payments to the Named Plaintiffs; (c) costs associated with administering the Notice in accordance with Paragraph 4, above; and (d) any fees paid to the Settlement Administrator for services rendered in connection with the administration process.  Defendant shall not make any additional or further contributions to the Settlement Fund, even if the total amount of all alleged improper fees charged to the Class Members exceeds the value of the Net Settlement Fund.  In the event a Final Approval Order is not issued, or this Agreement is terminated by either party for any reason, including pursuant to Paragraph 16 below, the portion of the Settlement Fund paid to the Settlement Administrator (including accrued interest, if any) less expenses actually incurred by the Settlement Administrator or due and owing to the Settlement Administrator in connection with the settlement provided for herein, shall be refunded to Defendant within two (2) business days after the Final Approval Order is denied or this Agreement is terminated.

(b)     All funds held by the Settlement Administrator shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until distributed pursuant to this Agreement.

(c)     All funds held by the Settlement Administrator at any time shall be deemed to be a Qualified Settlement Fund as described in Treasury Regulation §1.468B-1, 26 C.F.R. §1.468B-1.

     (d)     Payments shall be made from the Settlement Fund as follows:

     (i)     <u>Plaintiffs' Fees and Costs</u>. Plaintiffs' reasonable attorneys' fees and costs, as determined and approved by the Court, shall be paid from the Settlement Fund ten (10) days after entry of the Final Approval Order. Class Counsel shall apply for an award of attorneys' fees of one-third (33-1/3%) of the Settlement, plus reimbursement of reasonable litigation costs, to be approved by the court. Defendant agrees not to oppose an application for fees of one-third (33-1/3%) of the Settlement plus reimbursement of costs, but reserves the right to oppose an application for fees in excess of that amount. Should the judgment approving the settlement be reversed on appeal, Class Counsel shall immediately repay all fees and costs to Defendant; should the award of fees and costs be reduced on appeal, Class Counsel shall immediately repay into the Settlement Fund an amount equal to the reduction ordered by the appellate court.

     (ii)     <u>Service Award</u>. Named Plaintiffs may apply to the Court for a service award of up to ten thousand ($10,000) per Named Plaintiff for serving as class representatives. Subject to the Court's approval, the service awards shall be paid from the Settlement Fund ten (10) days after the Effective Date.

     (iii)     <u>Settlement Administrator's Fees</u>. The Settlement Administrator's fees and costs, including estimated fees and costs to fully implement the terms of this Agreement, as approved by the Court, shall be paid within ten (10) days after the Effective Date.

     (iv)     <u>Payments to Class Members</u>. Of the Net Settlement Fund, 53.8% is allocated to the Retry NSF Fees, and 46.2% to the APPSN Fees. Payments from the Net Settlement Fund shall be calculated as follows:

     (1)     Class Members shall be paid per Retry NSF Fee from the Retry NSF Fee allocation as follows:

     ((Percentage of Settlement Fund Allocated to Retry NSF Fees x Net Settlement Fund)/Total Retry NSF Fees) x Total number of Retry NSF Fees charged to and paid by the Retry NSF Fee Class Member = Individual Payment.

     (2)     Class Members shall be paid per APPSN Fee from the APPSN Fee allocation as follows:

     ((Percentage of Settlement Fund Allocated to APPSN Fees x Net Settlement Fund)/Total APPSN Fees) x Total number of APPSN Fees charged to and paid by the APPSN Fee Class Member = Individual Payment.

(3)    Payments to individual Class Members ("Individual Payments") shall be made no later than ten (10) days after the Effective Date, as follows:

Class Members shall be sent a check by the Settlement Administrator at the address used to provide the Notice, or at such other address as designated by the Class Member. The Class Member shall have one-hundred eighty (180) days to negotiate the check. Any checks uncashed after one-hundred eighty (180) days shall be distributed pursuant to Paragraph 10 below.

(v)    In no event shall any portion of the Settlement Fund revert to Defendant.

(e)    <u>No liability for Distribution of Settlement Funds.</u>  Once the Settlement Fund is paid to the Settlement Administrator, Defendant shall have no liability arising from the allocation or distribution of the Settlement Funds to Settlement Class Members, the Settlement Administrator, or anyone else.  In no event shall Defendant or its counsel have any liability for the administration of the Settlement Fund or for acts or omissions of the Settlement Administrator.  Payment of the Settlement Fund shall constitute Defendant's sole monetary obligation under the Settlement.

**8.**    **FINAL REPORT TO THE COURT**. Within two hundred (200) days after the Effective Date (or such other date set by the Court), Class Counsel shall submit to the Court a Final Report, setting forth: (a) the amounts paid to Class Members by the Settlement Administrator, (b) Any checks not cashed or returned; (c) the efforts undertaken to follow up on uncashed and/or returned checks; (d) the total amount of money unpaid to Class Members; and (e) the total amount of credits issued to Class Members by Defendants. Defendant shall provide a declaration under penalty of perjury setting forth the amount of the credits issued to Class Members. Class Counsel shall be entitled to verify credits by confidential review of a reasonable sample of Class Member account statements.

**9.**    **THE SETTLEMENT ADMINISTRATOR**.

(a)    The Settlement Administrator shall execute a retainer agreement that shall provide, among other things, that the Settlement Administrator shall be bound by and shall perform the obligations imposed on it under the terms of this Agreement. The retainer agreement shall include provisions requiring that all Class Member data shall be strictly confidential and secured by the Settlement Administrator by means of recognized data security measures, and shall not be disclosed other than as provided for under the terms of this Agreement or as ordered by the Court.

(b)    The Settlement Administrator shall be subject to the jurisdiction of the Court with respect to the administration of this Agreement.

(c)    The Settlement Administrator shall keep all information regarding Class Members confidential except as otherwise provided herein.  All data created and/or obtained and

maintained by the Settlement Administrator pursuant to this Agreement shall be destroyed twelve (12) months after the Final Report is submitted to the Court, provided that Class Counsel and Defendant Counsel, or either of them, at their own cost, shall receive a complete copy of the Settlement Administrator's records, together with a declaration establishing completeness and authenticity, which they may maintain consistent with their own document retention policies.  To the extent Class Counsel receives a copy of the class list, it shall be subject to the Protective Order issued in this case on September 30, 2022, and shall not be used for any purposes other than the implementation of this Agreement.

(d)     The Settlement Administrator shall establish and maintain a post office box for request for exclusion from the Settlement Class, establish and maintain a Settlement Website, and establish and maintain and automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries, and answer the questions of Settlement Class members who call with or otherwise communicate such inquiries.

(e)     The Settlement Administrator also shall be responsible for timely and properly filing all tax returns necessary or advisable, if any, with respect to the Settlement Fund. Class Members shall be responsible for their own tax reporting of payments or credits received under the terms of this Agreement.

(f)     The Settlement Administrator shall provide the data in its claims administration database to Defendant's Counsel and/or Class Counsel in response to any written request, including an email request. The written request shall be copied to the other party when made. Such information shall be used only for purposes of the implementation of this Agreement.

(g)     The Settlement Administrator shall provide weekly reports to Class Counsel and Defendant that summarize the number of requests for exclusion received that week and the total number of exclusion requests received to date.

(h)     Within one hundred ninety (190) days after the Effective Date or such other date as required by the Court, the Settlement Administrator shall prepare a declaration setting forth the total payments issued to Class Members by the Settlement Administrator, the total amount of any checks uncashed and/or returned, and the total amount of money being held by the Settlement Administrator.

**10.     *CY PRES* PAYMENT.** Subject to Court approval, within thirty (30) days after the Final Report, the total amount of uncashed checks, and residual amounts held by the Settlement Administrator at the time of the Final Report, shall be paid by the Settlement Administrator to Public Citizen Foundation, a consumer advocacy 501(c)(3) non-profit.

**11.     OPT-OUTS.**

(a)     A Class Member who wishes to exclude himself, herself, or itself from this Agreement, and from the release of claims and defenses provided for under the terms of this Agreement, shall submit an Exclusion Letter by mail to the Settlement Administrator at the address listed in the Notice. For an Exclusion Letter to be valid, it must be postmarked on or before the

Bar Date to Opt Out. Any Exclusion Letter shall identify the Class Member, state that the Class Member wishes to exclude himself or herself from the Agreement, and shall be signed and dated.

(b)     The Settlement Administrator shall maintain a list of persons who have excluded themselves and shall provide such list to Defendant's Counsel and Class Counsel at least five (5) days prior to the date Class Counsel is required to file the Motion for Final Approval. The Settlement Administrator shall retain the originals of all Exclusion Letters (including the envelopes with the postmarks). The Settlement Administrator shall make the original Exclusion Letters available to Class Counsel, Defendant' Counsel and/or the Court upon two (2) court days' written notice.

(c)     Defendants, in their sole discretion, have the right to terminate this Agreement if opt-out requests are validly filed by 5% or more of Settlement Class Members. If any Defendant elects to terminate the settlement under this provision, they must notify the Court and Class Counsel within seven calendar days after the date the Settlement Administrator reports the names appearing on the Opt-Out List and in the Opt-Out Notices to the Court. Termination of the settlement and this Restated Settlement Agreement under this provision shall result in the return to Defendants of any funds paid in connection with this Restated Settlement Agreement within 5 business days of any Defendant providing notice of termination to the Court. In addition, termination under this provision shall cancel any releases or dismissals hereunder.

## 12.   **OBJECTIONS.**

(a)     Any Class Member, other than a Class Member who timely submits an Exclusion Letter, may object to this Agreement.

(b)     To be valid and considered by the Court, the objection must be mailed to the Court and the Settlement Administrator at the email and physical addresses listed in the Notice. The objection must be  postmarked on or before the Bar Date to Object, and must include the following information:

(i)     The objector's name, address, telephone number, the last four digits of his or their account number or former account number, and the contact information for any attorney retained by the objector in connection with the objection or otherwise in connection with this case;

(ii)     A statement of the factual and legal basis for each objection and any exhibits the objector wishes the Court to consider in connection with the objection; and

(iii)     A statement as to whether the objector intends to appear at the Final Approval Hearing, either in person or through counsel, and, if through counsel, identifying the counsel by name, address, and telephone number.

(c)     Class Counsel shall file any responsive pleadings at least seven (7) days prior to the Final Approval Hearing Date.

13.    **RELEASE**.  Except as to the rights and obligations provided for under the terms of this Agreement, Named Plaintiffs, on behalf of themselves and each of the Class Members and any successor-in-interest, assignee, heir or beneficiary of any Named Plaintiff and Class Member, hereby release and forever discharge Defendant, and all of its past, present and future predecessors, successors, parents, subsidiaries, divisions, employees, affiliates, assigns, officers, directors, shareholders, representatives, attorneys, insurers and agents (collectively, the "Defendant Releasees") from any and all losses, fees, charges, complaints, claims, debts, liabilities, demands, obligations, costs, expenses, actions, and causes of action of every nature, character, and description, whether known or unknown, asserted or unasserted, suspected or unsuspected, fixed or contingent, which Named Plaintiffs and Class Members who do not opt out now have, own or hold against any of the Defendant Releasees arising out of Defendant's assessment of Retry NSF Fees and APPSN Fees during the Class Period. The Named Plaintiffs and Class Members acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this Agreement, but that it is their intention to finally and forever settle and release claims with respect to all of the matters described or subsumed herein, and that, notwithstanding the discovery or existence of any such additional or different facts, as to which the Named Plaintiffs and Class Members expressly assume the risk, they freely and voluntarily give the release as set forth above.

14.    **CONDITIONS TO SETTLEMENT.**

(a)    This Agreement shall be subject to and is expressly conditioned on the occurrence of all of the following events:

(i)    The Court has entered the Preliminary Approval Order, as required by Paragraph 3 above;

(ii)    The Court has entered the Final Approval Order as required by Paragraphs 5 and 6 above, and all objections, if any, to such Order are overruled, and all appeals taken from such Order are resolved in favor of approval; and

(iii)    The Effective Date has occurred.

(b)    In the event this Agreement fails to become effective in accordance with the above, then the Parties shall be restored to their respective positions in this case as they existed as of the date of the execution of this Agreement. In such event, the terms and provisions of this Agreement shall have no further force and effect with respect to the Parties and shall not be used in this case or in any other action or proceeding for any other purpose, and any order entered by this Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*.

15.    **REPRESENTATIONS.**

(a)    The Parties to this Agreement represent that they have each read this Agreement and are fully aware of and understand all of its terms and the legal consequences

thereof.  The Parties represent that they have consulted or have had the opportunity to consult with and have received or have had the opportunity to receive advice from legal counsel in connection with their review and execution of this Agreement.

(b)     The Parties have not relied on any representations, promises, or agreements other than those expressly set forth in this Agreement.

(c)     The Named Plaintiffs, on behalf of the Class Members, represent that they have made such inquiry into the terms and conditions of this Agreement as they deem appropriate, and that by executing this Agreement, they, based on Class Counsel's advice, and their understanding of the case, believe the Agreement and all the terms and conditions set forth herein, are fair and reasonable to all Class Members.

(d)     The Named Plaintiffs represent that they have no knowledge of conflicts or other personal interests that would in any way impact their representation of the class in connection with the execution of this Agreement.

(e)     Defendant represents and warrants that it has obtained all corporate authority necessary to execute this Agreement.

16.     **FURTHER ASSURANCES**. Each of the Parties hereto agrees to execute and deliver all such further documents consistent with this Agreement, and to take all such further actions consistent with this Agreement, as may be required in order to carry the provisions of this Agreement into effect, subject to Class Counsel's obligation to protect the interests of the Class Members.

17.     **APPLICABLE LAW**. This Agreement shall be governed by and interpreted, construed, and enforced pursuant to the laws of the State of New York.

18.     **NO ORAL WAIVER OR MODIFICATION**. No waiver or modification of any provision of this Agreement or of any breach thereof shall constitute a waiver or modification of any other provision or breach, whether or not similar. Nor shall any actual waiver or modification constitute a continuing waiver. No waiver or modification shall be binding unless executed in writing by the party making the waiver or modification.

19.     **ENTIRE AGREEMENT**. This Agreement, including the exhibit attached hereto, constitutes the entire agreement made by and between the Parties pertaining to the subject matter hereof, and fully supersedes any and all prior or contemporaneous understandings, representations, warranties, and agreements made by the Parties hereto or their representatives pertaining to the subject matter hereof. No extrinsic evidence whatsoever may be introduced in any judicial proceeding involving the construction or interpretation of this Agreement.

20.     **BINDING ON SUCCESSORS**. This Agreement shall inure to the benefit of, and shall bind, each of the Parties hereto and their successors.

21.     **SEVERABILITY**. In the event any one or more of the provisions of this Agreement is determined to be invalid, illegal or unenforceable in any respect, the validity, legality

DocuSign Envelope ID: DDEC9C7F-5B6C-4787-9633-056A1F1AA6B3

and enforceability of the remaining provisions contained in this Agreement will not in any way be affected or impaired thereby.

22. **COUNTERPARTS AND FACSIMILE SIGNATURES.** This Agreement may be executed and delivered in separate counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and agreement. This Agreement may be executed via electronic signatures. Facsimile and pdf signature pages shall have the same force and effect as original signatures.

23. **NOTIFICATION**. Any notice to be given to Class Counsel and/or Named Plaintiffs shall be sent by email as follows:

The Kick Law Firm, APC
Taras Kick
815 Moraga Drive
Los Angeles, CA 90049
Phone Number: (310) 395-2988
taras@kicklawfirm.com

*Class Counsel*

Any notice to be given to Defendant under the terms of this Agreement shall be sent by email as follows:

Bailey, Johnson & Peck, P.C.
John Bailey
Crystal R. Peck
5 Pine West Plaza, Suite 507
Washington Avenue Extension
Albany, New York 12205
Telephone: (518) 456-0082
Facsimile: (518) 456-4767
jwbailey@baileyjohnson.com
crpeck@baileyjohnson.com

*Attorneys for Defendant*

Any notice to the Settlement Administrator shall be sent by email to the address of the Settlement Administrator, which will be determined by the lowest bid for services.

IN WITNESS WHEREOF, the Parties have entered this Agreement as of the dates set forth below.

Dated: 2/7/2024 _____

*Deborah J. Livingston*
DocuSigned by:
B2C6239845D149F...

DEBORAH LIVINGSTON
*Plaintiff*

14

DocuSign Envelope ID: DDEC9C7F-5B6C-4793-9633-056A1F1AA6B3

Dated: 2/7/2024 _____

DocuSigned by:

*Robert Normand Lamoureux,*

ROBERT LAMOUREUX
*Plaintiff*

Dated: 2/7/2024 _____

DocuSigned by:

*Dena Scroggins*

DENA SCROGGINS
*Plaintiff*

Dated: _____

_____

ESTATE OF THOMAS JENKINS (TAMMY
JENKINS)
*Plaintiff*

Dated: 2/9/2024 _____

DocuSigned by:

*Taras Kick*

TARAS KICK
*Class Counsel*

Dated: _____

_____

TRUSTCO BANK

By: _____

Its_____

Dated: _____

_____

JOHN BAILEY
*Counsel for Trustco Bank*

15

Dated: _____

_____
ROBERT LAMOUREUX
*Plaintiff*

Dated: _____

_____
DENA SCROGGINS
*Plaintiff*

Dated: 2/7/2024 | 11:29 AM PST
_____

_____
ESTATE OF THOMAS JENKINS (TAMMY
JENKINS)
*Plaintiff*

Dated: _____

_____
TARAS KICK
*Class Counsel*

Dated: _____

_____
TRUSTCO BANK

By: _____

Its_____

Dated: _____

_____
JOHN BAILEY
*Counsel for Trustco Bank*

Dated: _____

_____
ROBERT LAMOUREUX
*Plaintiff*

Dated: _____

_____
DENA SCROGGINS
*Plaintiff*

Dated: _____

_____
ESTATE OF THOMAS JENKINS (TAMMY
JENKINS)
*Plaintiff*

Dated: _____

_____
TARAS KICK
*Class Counsel*

Dated: ___2/7/24_____

_____
TRUSTCO BANK

By: _Robert M. Leonard_____

Its _Executive Vice President____

Dated: ___2/7/24_____

_____
JOHN BAILEY
*Counsel for Trustco Bank*

15

# EXHIBIT 1

LEGAL NOTICE

**If you had an account with Trustco Bank and you were charged a Non-Sufficient Funds Fee or an Overdraft Fee, you may be entitled to a payment from a class action settlement.**



<<Barcode>>

Postal Service: Please do not mark barcode

<<First1>> <<Last1>>
<<CO>>
<<Addr2>>
<<Addr1>>
<<City>>, <<St>> <<Zip>>
<<Country>>



**1-___-___-____**
**www._____.com**

A settlement has been reached with Trustco Bank ("Defendant") in a class action lawsuit about Non-Sufficient Funds ("NSF") Fees and Overdraft Fees charged on checking accounts from September 2, 2014 through December 10, 2023 (the "Class Period").

**Who is included?** Defendant's records indicate that you are a "Class Member" in this Settlement because you were charged certain NSF Fees or Overdraft Fees during the Class Period. Specifically, Class Members are: All Trustco Bank account holders who have or have had accounts with Trustco Bank who from September 2, 2014 through December 10, 2023 were charged two or more NSF Fees or an NSF Fee followed by an Overdraft Fee on the same ACH transaction or check; and, all Trustco Bank account holders who have or have had accounts with Trustco Bank who from September 2, 2014 through December 10, 2023 were charged an Overdraft Fee on a point of sale Debit Card Transaction, where there was a sufficient available balance at the time the transaction was authorized but an insufficient available balance at the time the transaction was presented to Trustco Bank for payment and posted to the account.

**What does the Settlement provide?** Defendant will create a $2,750,000 Settlement Fund. After deducting attorneys' fees and costs, service awards to the Named Plaintiffs, and the costs of notice and administration of the Settlement, the balance of the Settlement Fund will be divided proportionately among all Class Members based on the number of at-issue fees they incurred.

**What are my options?** If you do nothing and the Settlement is approved and becomes final, you will automatically receive a payment, and you will release any claims you may have arising out of Trustco's assessment of the at-issue fees. If you do not want to be legally bound by the Settlement or receive a payment, you must exclude yourself from it by **[Date]**. Unless you exclude yourself, you will not be able to sue or continue to sue Defendant for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (do not exclude yourself), you may object to it by **[Date].**

**The Court's Fairness Hearing.** The United States District Court for the Northern District of New York, located at _____, will hold a hearing in this case (*Livingston, et al. v. Trustco Bank*) on _____. At this hearing, the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for attorneys' fees (up to 33 1/3% of the Settlement Fund) and costs; and (3) a $10,000 service award to each of the Named Plaintiffs. You or your lawyer may appear at the hearing at your own expense, but you don't have to.

**More information, including the Long Form Notice and Settlement Agreement are available at www.xxxxxxxxxxxxx.com or by calling 1-___-___-____.**

# Exhibit 2

To:
From:
Subject: Notice of Refund – Trustco Bank

**Trustco Bank's ("Trustco") records indicate that you were charged Non-Sufficient Funds ("NSF") Fees or Overdraft Fees between September 2, 2014 and December 10, 2023. You do not have to do anything now to receive a payment.  However, your rights are affected by this class action settlement.**

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
| --- | --- |
| **DO NOTHING** | If you don't do anything, you will receive a payment from the Settlement Fund so long as you do not exclude yourself (described in the next box). You will release any claims you may have against Trustco arising out of its assessment of Retry NSF Fees and APPSN Fees during the Class Period, September 2, 2014 to December 10, 2023. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT; RECEIVE NO PAYMENT BUT RELEASE NO CLAIMS** | You can choose to exclude yourself from the settlement or "opt out." This means you choose not to participate in the settlement. You will keep your individual claims against Trustco Bank, but you will not receive a payment. If you want to recover against Trustco Bank, then you will have to file a separate lawsuit or claim. |
| **OBJECT TO THE SETTLEMENT** | You can file an objection to the Settlement explaining why you believe the Court should reject the settlement. If your objection is overruled by the Court, you <u>will</u> receive a payment and you <u>will not</u> be able to sue Trustco Bank for the claims asserted in this litigation. If the Court agrees with your objection, then the settlement may not be approved. |

A settlement has been reached with Trustco Bank in a class action lawsuit about NSF Fees and Overdraft Fees charged on Trustco Bank accounts from September 2, 2014 to December 10, 2023 (the "Class Period").

**Who is included?** Defendant's records indicate that you are a "Class Member" in this Settlement because you were charged certain NSF Fees or Overdraft Fees during the Class Period. Specifically, Class Members are: All Trustco Bank account holders who have or have had accounts with Trustco Bank who from September 2, 2014 through December 10, 2023 were charged two or more NSF Fees or an NSF Fee followed by an Overdraft Fee on the same ACH transaction or check (the "Retry NSF" class); and, all Trustco Bank account holders who have or have had accounts with Trustco Bank who from September 2, 2014 through December 10, 2023 were charged an Overdraft Fee on a point of sale Debit Card Transaction, where there was a sufficient

available balance at the time the transaction was authorized but an insufficient available balance at the time the transaction was presented to Trustco Bank for payment and posted to the account (the "APPSN" class).

**What does the Settlement provide?** Defendant will create a $2,750,000 Settlement Fund. After deducting attorneys' fees and costs, service awards to the Named Plaintiffs, and the costs of notice and administration of the Settlement, the balance of the Settlement Fund will be divided proportionately among all Class Members based on the number of at-issue fees they incurred.

**What are my options?** If you do nothing and the Settlement is approved and becomes final, you will automatically receive a payment, and you will release any claims you may have arising out of Trustco's assessment of the at-issue fees. If you do not want to be legally bound by the Settlement or receive a payment, you must exclude yourself from it by **[Date]**. Unless you exclude yourself, you will not be able to sue or continue to sue Defendant for any claim made in this lawsuit or released by the Settlement Agreement. If you stay in the Settlement (do not exclude yourself), you may object to it by [**Date].**

**The Court's Fairness Hearing.** The United States District Court for the Northern District of New York, located at _____, will hold a hearing in this case (*Livingston, et al. v. Trustco Bank*) on _____. At this hearing, the Court will decide whether to approve: (1) the Settlement; (2) Class Counsel's request for attorneys' fees (up to 33 1/3% of the Settlement Fund) and costs; and (3) a $10,000 service award to each of the Named Plaintiffs. You or your lawyer may appear at the hearing at your own expense, but you don't have to.

More information, including the Long Form Notice and Settlement Agreement are available at www.**xxxxxxxxxx**.com or by calling 1-___-___-____.

# Exhibit 3

Livingston, et al.
v.
Trustco Bank

**NOTICE OF PENDING CLASS ACTION AND PROPOSED SETTLEMENT**

**READ THIS NOTICE FULLY AND CAREFULLY; THE PROPOSED SETTLEMENT MAY AFFECT YOUR RIGHTS!**

**IF YOU HAD A CHECKING ACCOUNT WITH TRUSTCO BANK ("DEFENDANT") AND YOU WERE CHARGED A NON-SUFFICIENT FUNDS ("NSF") FEE OR AN OVERDRAFT FEE BETWEEN SEPTEMBER 2, 2014 AND DECEMBER 10, 2023, THEN YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT**

The United States District Court for the Northern District of New York has authorized this Notice; it is not a solicitation from a lawyer.

| SUMMARY OF YOUR OPTIONS AND THE LEGAL EFFECT OF EACH OPTION | |
|---|---|
| **DO NOTHING** | If you don't do anything, you will receive a payment from the Settlement Fund so long as you do not exclude yourself (described in the next box). You will release any claims you may have against Trustco arising out of its assessment of Retry NSF Fees and APPSN Fees during the Class Period, September 2, 2014 to December 10, 2023. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT; RECEIVE NO PAYMENT BUT RELEASE NO CLAIMS** | You can choose to exclude yourself from the settlement or "opt out." This means you choose not to participate in the settlement. You will keep your individual claims against Trustco Bank, but you will not receive a payment, and any outstanding at-issue fees assessed against your account will not be waived. If you want to recover against Trustco Bank, then you will have to file a separate lawsuit or claim. |
| **OBJECT TO THE SETTLEMENT** | You can file an objection to the Settlement explaining why you believe the Court should reject the settlement. If your objection is overruled by the Court, you <u>will</u> receive a payment and you <u>will not</u> be able to sue Trustco Bank for the claims asserted in this litigation. If the Court agrees with your objection, then the settlement may not be approved. |

These rights and options – ***and the deadlines to exercise them*** – along with the material terms of the settlement are explained in this Notice.

## BASIC INFORMATION

| 1. | What is this lawsuit about? |
|---|---|

The lawsuit that is being settled is entitled *Livingston, et al. v. Trustco Bank*, which has been consolidated with two other cases: *Lamoureux v. Trustco Bank* and *Jenkins v. Trustco Bank*. The case is a "class action." That means that the "Named Plaintiffs," Deborah Livingston, Robert Lamoureux, Dena Scroggins, and Tammy Jenkins, are individuals who are acting on behalf of a group that includes all Trustco Bank account holders who have or have had accounts with Trustco Bank who from September 2, 2014 to December 10, 2023 were charged a second or third NSF Fee, or an Overdraft Fee, on an ACH transaction or check that had already triggered an NSF Fee (a "Retry NSF Fee"); or were charged an Overdraft Fee on a point of sale Debit Card Transaction, where there was a sufficient available balance at the time the transaction was authorized but an insufficient available balance at the time the transaction was presented to Trustco Bank for payment and posted to the account (an "APPSN Fee").

The Named Plaintiffs claim they were improperly charged Retry NSF Fees and APPSN Fees, and that Defendant was not permitted to assess such fees under the terms of its contracts with account holders. Defendant denies that its fee practices give rise to claims for damages by the Named Plaintiffs or any Class Member. Defendant specifically maintains that it properly and lawfully assessed all fees in accordance with the terms of its agreements, disclosures, and applicable law.

| 2. | Why did the Parties settle? |
|---|---|

In any lawsuit, there are risks and potential benefits that come with a trial versus settling at an earlier stage. It is the Named Plaintiffs' lawyers' job to identify when a proposed settlement offer is good enough that it justifies recommending settling the case instead of continuing to trial. In a class action, these lawyers, known as Class Counsel, make this recommendation to the Named Plaintiffs. The Named Plaintiffs have the duty to act in the best interests of the class as a whole and, in this case, it is their belief, as well as Class Counsel's opinion, that this settlement is in the best interest of all Class Members for at least the following reasons:

There is legal uncertainty about whether the Court (or eventually a trial court judge or a jury) will find that Defendant breached its agreements with account holders or otherwise acted improperly by assessing the NSF Fees and Overdraft Fees that are the subject of this case. There also is uncertainty about whether the Named Plaintiffs' claims are subject to other defenses that might result in no recovery or less recovery to Class Members. Even if the Named Plaintiffs were to win at trial, there is no assurance that the Class Members would be awarded more than the current settlement amount, and it may take years of litigation before any payments would be made. By settling, the Class Members will avoid these and other risks and the delays associated with continued litigation.

Although Defendant disputes Named Plaintiffs' claims, it has agreed to settle to avoid the costs, distractions and risks of further litigation. Thus, even though Defendant denies that it did anything improper, it believes settlement is in its best interest.

## WHO IS IN THE SETTLEMENT

| 3.   How do I know if I am part of the Settlement? |
|---|

If you received a notice of this Settlement in the mail or via email, then Defendant's records indicate that you are a Class Member who is entitled to receive a payment.

## YOUR OPTIONS

| 4.   What options do I have with respect to the Settlement? |
|---|

You have three options: (1) do nothing and receive a payment according to the terms of the settlement and release your claims arising out of Trustco's assessment of the at-issue fees; (2) exclude yourself from the settlement ("opt out" of it); or (3) participate in the settlement but object to it. Each of these options is described in a separate section below.

| 5.   What are the critical deadlines? |
|---|

If you do nothing, you will receive a portion of the Settlement Fund based on the number of at-issue fees you incurred. Trustco Bank account holders whose accounts are currently open will receive settlement funds via a direct credit to the account. If your account is closed, you will receive settlement funds via check mailed to your residence of record.

The deadline for sending a letter to exclude yourself from or opt out of the settlement is _____.

The deadline to file an objection with the Court is _____.

| 6.   How do I decide which option to choose? |
|---|

If you do not like the settlement and you believe that you could receive more money by pursuing your claims on your own (with or without an attorney that you could hire) and you are comfortable with the risk that you might lose your case or get less than you would in this settlement, then you may want to consider opting out.

If you believe the settlement is unreasonable, unfair, or inadequate and the Court should reject the settlement, you can object to the settlement terms. The Court will decide if your objection is valid. If the Court agrees, then the settlement will not be approved and no payments will be made to you or any other Class Member. If your objection (and any other objection) is overruled, and the settlement is approved, then you will still get a payment.

| 7.   What has to happen for the Settlement to be approved? |
|---|

The Court has to decide that the settlement is fair, reasonable, and adequate before it will approve it. The Court already has decided to provide preliminary approval of the settlement, which authorized this Notice. The Court will make a final decision regarding the settlement at a "Fairness Hearing" or "Final Approval Hearing," which is currently scheduled for _____.

## THE SETTLEMENT PAYMENT

| **8.** | **How much is the Settlement?** |
|---|---|

Defendant has agreed to create a Settlement Fund of $2,750,000. As discussed separately below, attorneys' fees, litigation costs, service awards to each of the Named Plaintiffs, and the costs of notice and administration of the Settlement will be paid out of this amount. The balance of the Settlement Fund will be divided among all Class Members proportionally.

| **9.** | **How much of the settlement fund will be used to pay for attorney fees and costs?** |
|---|---|

Class Counsel will request that the Court award up to one-third (33-1/3%) of the Settlement Fund as attorneys' fees plus reimbursement of litigation costs incurred in prosecuting the case. The Court will decide the amount of the attorneys' fees based on a number of factors, including the risk associated with bringing the case, the amount of time spent on the case, the amount of costs incurred to prosecute the case, the quality of the work, and the outcome of the case.

| **10.** | **How much of the settlement fund will be used to pay Service Awards to each of the Named Plaintiffs?** |
|---|---|

Class Counsel on behalf of the Named Plaintiffs will request that the Court award each of them up to $10,000 for their roles in securing this Settlement on behalf of the class. The Court will decide if these Service Awards are appropriate and if so, the amount of the awards.

| **11.** | **How much of the settlement fund will be used to pay the Settlement Administrator's expenses?** |
|---|---|

The Settlement Administrator has agreed to cap its expenses at $_____.

| **12.** | **How much will my payment be?** |
|---|---|

The balance of the Settlement Fund will be divided among all Class Members in proportion to the number of allegedly improper NSF Fees and/or Overdraft Fees they incurred. Trustco Bank account holders whose accounts are currently open will receive settlement funds via a direct credit to the account. If your account is closed, you will receive settlement funds via check mailed to your residence of record.

| **13.** | **Do I have to do anything if I want to participate in the Settlement?** |
|---|---|

No. Any amount you are entitled to under the terms of the settlement will be distributed to you unless you choose to exclude yourself from the settlement, or "opt out." Excluding yourself from the settlement means you choose not to participate in the settlement. You will keep your individual claims against Defendant, but you will not receive a payment. In that case, if you choose to seek recovery against Defendant, then you will have to file a separate lawsuit or claim.

| **14.** | **When will I receive my payment?** |
|---|---|

The Court will hold a Fairness Hearing (explained below in Questions 21-23) on _____ to consider whether the settlement should be approved. If there are no objections and the Court approves the settlement, then the Settlement Administrator should begin paying claims within

approximately forty days of the Court's approval. However, if someone objects to the settlement, and the objection is sustained, then there is no settlement. Even if all objections are overruled and the Court approves the settlement, an objector could appeal, and it might take months or even years to have the appeal resolved, which would delay any payment.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

| 15. | How do I exclude myself from the settlement? |
|---|---|

If you do not want to receive a payment, or if you want to keep any right you may have to sue Defendant for the claims alleged in this lawsuit, then you must exclude yourself, or "opt out."

To opt out, you **must** send a letter to the Settlement Administrator that you want to be excluded. Your letter can simply say "I hereby elect to be excluded from the settlement in the *Livingston, et al. v. Trustco Bank* class action." Be sure to include your name, the last four digits of your Trustco Bank account number (current or former) or Social Security Number, address, telephone number, and email address. Your exclusion or opt out request must be postmarked by ＿＿＿＿＿, and sent to:

Livingston, et al. v. Trustco Bank
[ADDRESS]

| 16. | What happens if I opt out of the settlement? |
|---|---|

If you opt out of the settlement, you will preserve and not give up any of your rights to bring claims against Defendant for the claims alleged in this case. However, you will not be entitled to receive a payment from this settlement.

| 17. | If I exclude myself, can I obtain a payment? |
|---|---|

No. If you exclude yourself, you will not be entitled to a payment from this settlement.

## OBJECTING TO THE SETTLEMENT

| 18. | How do I notify the Court that I do not like the settlement? |
|---|---|

You can object to the settlement or any part of it that you do not like if you do not exclude yourself, or opt out, from the settlement. (Class Members who exclude themselves from the settlement have no right to object to how other Class Members are treated.) To object, you **must** send a written document to the Settlement Administrator, the Court, Class Counsel, and Defendant's counsel, at the addresses below. Your objection must include the following:

- A heading referring to the *Livingston, et al. v. Trustco Bank* Class Action;

- Your name, address, telephone number, the last four digits of your Trustco Bank account number (current or former) or Social Security Number, and the contact information for any attorney you have retained in connection with this case;

- A statement of the factual and legal basis for each objection and any exhibits you wish the Court to consider in connection with the objection;

- A statement as to whether you intend to appear at the Final Approval Hearing, either in person or through an attorney, and, if through an attorney, identifying the attorney by name, address, and telephone number; and

- Your signature.

Class Counsel and/or Defendant's Counsel will file any objections and responsive pleadings at least seven days before the Final Approval Hearing Date. Be advised that if you object to the settlement and retain an attorney for purposes of objecting, you are solely responsible for paying that attorneys' fees and costs.  If you fail to comply with the provisions herein, you will waive and forfeit any and all rights to appear and/or object separately, and will be bound by the terms of this Agreement and the orders and judgments of the Court.

All objections must be post-marked no later than _____, and must be mailed to the below-identified recipients as follows:

| SETTLEMENT ADMINISTRATOR |
|---|
| Livingston, et al. v. Trustco Bank Settlement Administrator<br><br>[ADDRESS] |
| **UNITED STATES DISTRICT COURT FOR THE**<br>**NORTHERN DISTRICT OF NEW YORK** |
| Attn: Clerk<br><br>[ADDRESS] |
| **CLASS COUNSEL** |
| Taras Kick<br><br>The Kick Law Firm, APC<br><br>815 Moraga Drive<br><br>Los Angeles, CA 90049 |
| **DEFENDANT'S COUNSEL** |
| John Bailey<br><br>Bailey, Johnson & Peck, P.C.<br><br>5 Pine West Plaza, Suite 507 |

25

| |
|---|
| Washington Avenue Extension<br><br>Albany, New York 12205 |

**19.    What is the difference between objecting and requesting exclusion from the settlement?**

Objecting is telling the Court that you do not believe the settlement is fair, reasonable, and adequate for the class, and asking the Court to reject it. You can object only if you do not opt out of the settlement. If you object to the settlement and do not opt out, then you are entitled to a payment if the settlement is approved, but you will release claims you might have against Defendant. Excluding yourself or opting out is telling the Court that you do not want to be part of the settlement, and do not want to receive a payment or release claims you might have against Defendant for the claims alleged in this lawsuit.

**20.    What happens if I object to the settlement?**

If the Court sustains your objection, or the objection of any other Class Member, then there is no settlement. If you object, but the Court overrules your objection and any other objection(s), then you will be part of the settlement.

## THE COURT'S FAIRNESS HEARING

**21.    When and where will the Court decide whether to approve the settlement?**

The Court will hold a Final Approval or Fairness Hearing on [date/time] at_____. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court may also decide how much to award Class Counsel for attorneys' fees and expenses and how much the Named Plaintiffs should get as "Service Awards" for acting as the class representatives.

**22.    Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. You may attend if you desire to do so. If you have submitted an objection, then you may want to attend.

**23.    May I speak at the hearing?**

If you have objected, you may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include with your objection, described in Question 18, above, the statement, "I hereby give notice that I intend to appear at the Final Approval Hearing."

## IF YOU DO NOTHING

**24.    What happens if I do nothing at all?**

If you do nothing at all, and if the settlement is approved, then you may receive a payment that represents your share of the Settlement Fund. You will be considered a part of the class, and you

will give up claims against Defendant for the conduct identified in the settlement. You will not give up any other claims you might have against Defendant that are not released in this settlement.

## THE LAWYERS REPRESENTING YOU

| **25.** | **Do I have a lawyer in this case?** |
|---|---|

The Court ordered that the lawyers and their law firms referred to in this notice as "Class Counsel" will represent you and the other Class Members.

| **26.** | **Do I have to pay the lawyer for accomplishing this result?** |
|---|---|

No. Class Counsel will be paid directly from the Settlement Fund.

| **27.** | **Who determines what the attorneys' fees will be?** |
|---|---|

The Court will be asked to approve the amount of attorneys' fees at the Fairness Hearing. Class Counsel will file an application for fees and costs and will specify the amount being sought as discussed above. You may review a physical copy of the fee application at the website established by the Settlement Administrator, www.xxxxxxx.com.

For additional information about the settlement and/or to obtain copies of the settlement agreement, the pleadings in this case or to change your address for purposes of receiving a payment, you should contact the Settlement Administrator as follows:

Livingston, et al. v. Trustco Bank Settlement Administrator
[ADDRESS]


***PLEASE DO NOT CONTACT THE COURT OR ANY REPRESENTATIVE OF  TRUSTCO BANK CONCERNING THIS NOTICE OR THE SETTLEMENT.***

27