IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH J. LIVINGSTON and DENA SCROGGINS, Individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>TRUSTCO BANK, A FEDERAL SAVINGS BANK,<br><br>    Defendant. | Case No.: 1:20-cv-1030 (GTS-ML) |

## DECLARATION OF TAMMY K. JENKINS

I, Tammy Jenkins, declare as follows:

1. I am over the age of eighteen, have personal knowledge of the following, and if called as a witness could and would testify competently thereto.

2. On March 1, 2021, my father, Thomas Jenkins, filed a class action lawsuit against Defendant Trustco Bank alleging that he incurred the assessment of improper multiple NSF fees or NSF fees followed by an overdraft fee on the same item.

3. On August 1, 2022, my father passed away.

4. On January 13, 2023, my father's lawsuit was consolidated into the above-captioned matter.

5. On April 3, 2023, I was substituted into this matter as the administrator and representative of the estate of my father by order of the Court.

6. I am one of the proposed class representatives in this case, and I have incurred the improper fees alleged in the operative Complaint while a joint account holder of Defendant Trustco Bank along with my late father. I understand that this case challenges the assessment of multiple NSF fees or NSF fees followed by an overdraft fee on the same item, and the assessment of overdraft fees on debit card transactions authorized on a sufficient balance that later settled

1

negative. As a proposed class representative in this matter, I understand my duties toward the absent class members, including that I have a fiduciary duty towards them and accordingly must look out for their best interests. I understood and continue to understand that I have a responsibility to actively participate in the case. I was never offered anything to become a class representative.

7. Before the case was filed, my father provided documents regarding our Trustco account at the direction of our attorneys, sent them to our attorneys, and conferred with our attorneys about them. When my father passed away, I communicated with our attorneys, reviewed pleadings and signed documents. I conferred with my attorneys regarding the Settlement Agreement and settlement approval process, and reviewed and signed the Settlement Agreement. I was prepared to attend a deposition, although a deposition did not ultimately take place. Finally, if this case had gone to trial, I was prepared to participate in the trial, including by testifying.

8. When I was substituted into this case on account of the death of my father, I assumed the risk that my significant expenditure of time and effort on behalf of the class would yield nothing. In addition, I assumed the risk that an eventual unfavorable judgment would tarnish my reputation. Nevertheless, I remain committed to fulfilling my duties as a class representative.

I declare under penalty of perjury under the laws of the United States of America and the State of New York that the foregoing is true and correct.

Executed on __2/7/2024 | 11:27 AM PST__, in _____.

DocuSigned by:
*Tammy Jenkins*
36E19BC82DC54AD...

Tammy K. Jenkins