# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEBORAH J. LIVINGSTON and DENA SCROGGINS, Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TRUSTCO BANK, A FEDERAL SAVINGS BANK,<br><br>Defendant. | Case No.: 1:20-cv-1030 (GTS-ML) (Lead Case); Consolidated With Case No.: 1:21-cv-336 (GTS/ML) (Member Case) and Case No.: 1:21-cv-238 (GLS/ATB) (Member Case) |

## ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Court, having considered the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement, all supporting documents thereto (collectively, the "Motion"), and the Settlement Agreement and Release (the "Settlement" or "Agreement"), finds and orders as follows:

1. This Order incorporates by reference the definitions in the Agreement, dated February 9, 2024, entered into between the Parties, and all terms used herein shall have the same meaning as set forth in the Agreement.

2. The Court has reviewed the Agreement and preliminarily finds the Settlement memorialized therein is fair and adequate and falls within the range of reasonableness for Final Approval, thereby meeting the requirements for Preliminary Approval. The Settlement appears to be reasonable in light of the risk inherent in continuing with litigation. The Court also notes the Settlement is a non-reversionary one where no money from the $2,750,000.00 Settlement Fund will be returned to the Defendant, and was the product of an arm's length negotiation involving experienced counsel and the assistance of a mediator.

3. The Court finds, on a preliminary basis, that the Settlement Class meets all the requirements for class certification for settlement purposes only, under Federal Rule of Civil

Procedure 23 and applicable case law. Accordingly, the Court provisionally certifies the Settlement Class, which is defined as follows:

> [A]ll Trustco Bank account holders who have or have had accounts with Trustco Bank who from September 2, 2014 through December 10, 2023 were charged two or more NSF Fees or an NSF Fee followed by an Overdraft Fee on the same ACH transaction or check (the "Retry NSF" Class); and, all Trustco Bank account holders who have or have had accounts with Trustco Bank who from September 2, 2014 through December 10, 2023 were charged an Overdraft Fee on a point of sale Debit Card Transaction, where there was a sufficient available balance at the time the transaction was authorized but an insufficient available balance at the time the transaction was presented to Trustco Bank for payment and posted to the account (the "APPSN" Class).

Excluded from the Settlement Class is Trustco Bank, its parents, subsidiaries, affiliates, officers and directors; all customers who make a timely election to be excluded; and all judges assigned to this litigation and their immediate family members.

4. The Court provisionally, and solely for purposes of this Settlement, finds that (a) the members of the Settlement Class are so numerous that joinder of all members would be impracticable, (b) the Action and proposed settlement raise issues of law and fact common to the claims of the Settlement Class members, and these common issues predominate over any issues affecting only individual Settlement Class members, (c) the Plaintiffs' claims are typical of the claims of the Settlement Class, (d) in prosecuting this Action and negotiating and entering into the Agreement, the Plaintiffs and their counsel have fairly and adequately protected the interests of the Settlement Class and will adequately represent the Settlement Class in connection with the Settlement, and (e) a class action is superior to other methods available for adjudicating the controversy.

5. The Court provisionally appoints, for settlement purposes only, Deborah Livingston, Dena Scroggins, Robert Lamoureux, and Tammy Jenkins as the Class Representatives of the Settlement Class.

6. The Court provisionally finds, for settlement purposes only, that Taras Kick of The Kick Law Firm, APC is a qualified and experienced attorney capable of adequately representing the Settlement Class, and he is provisionally approved as Class Counsel.

7. This preliminary certification of the Settlement Class, under this Order, is for settlement purposes only and shall not constitute, nor be construed as, an admission by the Defendant in this Action that a class is certifiable for any other purpose or that any other proposed class action is appropriate for class treatment pursuant to Federal Rule of Civil Procedure 23 or any similar statute, rule or common law. The entry of this Order is without prejudice to the rights of the Defendant to oppose class certification in this action, should the Settlement not be granted Final Approval or not be implemented for any reason, or to terminate the Agreement, as provided therein.

8. The Court finds that the Notice Program prescribed in the Agreement meets the requirements of the Federal Rules of Civil Procedure, constitutional due process, and all other applicable laws; provides the best notice methods practicable under the circumstances; and shall constitute due and sufficient notice to all persons entitled thereto.

9. The Court has reviewed the Postcard Notice, Email Notice, and Long Form Notice attached as Exhibits 1, 2, and 3 to the Agreement. The Court approves those forms and finds those Notices should be issued to the Settlement Class in the manner described in the Agreement.

10. The Court hereby approves and adopts the procedures, deadlines, and manner governing all requests to be excluded from the Settlement Class, or for objecting to the proposed Settlement, as provided for in the Agreement.

11. All Settlement Administration Costs incurred in connection with providing notice and settlement administration services to the Settlement Class shall be paid from the Settlement Fund.

12. If the Settlement is not approved or consummated for any reason whatsoever, the Agreement and all proceedings in connection therewith shall terminate without prejudice to the status quo ante and rights of the parties to the action as they existed prior to the date of the execution of the Agreement, except as otherwise provided in the Agreement.

13. The Court may, in its discretion, modify the date and/or time of the Final Approval Hearing. In the event the court changes the date and/or time of the Final Approval Hearing, the new date and time shall be posted on the Settlement Website. The Court may also order a virtual

Final Approval Hearing, and if it does, the information to attend the hearing remotely will also be posted on the Settlement Website.

14. Other than such proceedings as may be necessary to carry out the terms and conditions of the Agreement, all proceedings in this Action are hereby stayed and suspended until further order of the Court.

15. The Court retains jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement, including enforcement of the Releases provided for in the Agreement.

16. The Parties are directed to take all necessary and appropriate steps to establish the means necessary to implement the Agreement according to its terms should it be finally approved.

17. The Court may, for good cause, extend any of the deadlines set forth in this Preliminary Approval Order without further notice to Settlement Class members. Without further order of the Court, the Parties may agree to make non-material modifications in implementing the Settlement that are not inconsistent with this Preliminary Approval Order.

18. The Motion is GRANTED.

19. For the purposes stated and as defined in the Agreement, the Court hereby sets the following dates and deadlines:

| | |
|---|---|
| Defendant Transfers Class List to Settlement Administrator | May 21, 2024 |
| Settlement Administrator Sends Notice and Website Goes Live | June 20, 2024 |
| Last Day for Individuals to Opt Out of Settlement Class | July 20, 2024 |
| Motion for Final Approval and Attorneys' Fees Filed with Court | July 25, 2024 |
| Last Day to Object to Settlement Agreement | August 9, 2024 |
| Last Day to File Responses to Objections | August 14, 2024 |

| Final Approval Hearing | August 19, 2024, at 11:00 AM in Syracuse, New York |
| --- | --- |
| Filing by Settlement Administrator of Final Report | Thirty (30) days After Time to Cash Checks has Expired |

**IT IS SO ORDERED.**

Date: February 23, 2024

_____
Glenn T. Suddaby
U.S. District Judge

ORDER GRANTING MOTION FOR PRELIMINARY APPROVAL
OF CLASS ACTION SETTLEMENT